James BURKE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 61–C–482.

United States District Court
E. D. New York.

Jan. 18, 1963.

Sheldon Tabak, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., E. D. New York, for defendant; Edwin Roy Eisen, Asst. U. S. Atty., of counsel.

BARTELS, District Judge.

This action arose out of an accident on March 2, 1961 to the plaintiff who, while in the employ of an independent contractor making repairs in a Post-Office, was struck by a mail sack which fell from an overhead conveyor belt and knocked him unconscious. Neither plaintiff nor his fellow employees were working on this conveyor belt and it appears that no one witnessed the accident.

Plaintiff moves, under Rule 34, Fed. Rules Civ.Proc., 28 U.S.C.A., for an order

directing the defendant to produce, for the purpose of plaintiff inspecting and making copies, (1) accident and injury reports in the possession of defendant's counsel, and (2) a report of investigation dated April 27, 1961, in the possession of defendant's counsel. These reports were apparently made by the Post-Office personnel after the accident but before the suit was instituted and evidently before a claim was filed. Defendant opposes the application upon the ground that these items represent the attorney's "work product", as defined in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 and as amplified in Alltmont v. United States, 3 Cir., 1949, 177 F.2d 971, cert. denied, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375 and Snyder v. United States, E.D.N.Y.1956, 20 F.R.D. 7. The Government's opposition is based upon the theory that the report of the accident and the investigation made by the Post-Office employees should be considered as work done under the United States Attorney inasmuch as the United States Attorney does not conduct investigations but, in lieu thereof, each governmental subdivision makes such investigations for him.[1]

## I

■■ The problem raised by Hickman presents, as that court indicated, "one of the most hazy frontiers of the discovery process" (329 U.S. p. 514, 67 S.Ct. p. 395). We understand from its conclusion that a certain type of work product of an attorney, such as personal recollections, mental impressions, opinions, private memoranda and legal theories prepared by the attorney, comes within the protection of his privacy and is "free from unnecessary intrusion by opposing parties and their counsel" (329 U.S. p. 510, 67 S.Ct. p. 393) and is accordingly cloaked with absolute immunity. "Not even the most liberal of discovery theories can justify unwarranted

inquiries into the files and the mental impressions of an attorney" (329 U.S. p. 510, 67 S.Ct. p. 393). This, however, does not mean that all written materials or documents, if relevant and non-privileged, obtained or prepared by an attorney or his assistant, are free from discovery if the parties seeking the same can make a proper showing of "necessity" and hardship to justify the production of such material (329 U.S. p. 511, 67 S.Ct. p. 394). To this extent the attorney's work product immunity is qualified. No such burden is imposed upon the moving party, however, if the information sought does not come within this area. Alltmont simply holds that no valid distinction should be based upon the fact that the data in one case may be obtained by a lawyer and in another case by a person employed by him or his client provided the same comes within the qualified immunity of the attorney. Snyder indicates that information secured by a governmental subdivision in behalf of the United States Attorney "in the course of preparation of his client's case for trial" (20 F.R.D. p. 8) did "not deprive the defendant of the benefit of the rule" (20 F.R.D. p. 9) of the Hickman case.

■ We believe that the information herein sought is not within the protective privilege of the above cases. While the nature of the report and investigation is not disclosed, they were made before the action was brought. It can hardly be said therefore that they were prepared by an attorney or his assistant. Moreover, there is no showing that they represent the product of the training, skill or knowledge of an attorney, which the work product privilege is aimed at protecting. Thompson v. Hoitsma, D. N.J.1956, 19 F.R.D. 112. The fact that the prospect of litigation may be one of the reasons for requiring these reports is insufficient to deny discovery. Stark

1. Cf. Adams v. United States, 5 Cir., 1958, 260 F.2d 467, cert. denied, 359 U.S. 934, 79 S. Ct. 649, 3 L.Ed.2d 635.

v. American Dredging Co., E.D.Pa.1943, 3 F.R.D. 300. These documents seem to fall more within the category of statements taken after an accident by claim agents in the ordinary course of their duties than within the category of the work product of a lawyer. See, People of the State of California v. United States, N.D.Cal.1961, 27 F.R.D. 261; Brown v. New York, N. H. & H. R. R., S.D.N.Y. 1955, 17 F.R.D. 324; Szymanski v. New York, N. H. & H. R. R., S.D.N.Y.1952, 14 F.R.D. 82; Herbst v. Chicago, Rock Island & Pacific R. R., S.D.Iowa 1950, 10 F.R.D. 14.

## II

■ Although not within the scope of the attorney's work product immunity, the information sought is still subject to the good cause requirement of Rule 34. This burden obviously is less onerous or rigid than the showing of "necessity" required by Hickman. Good cause of necessity must vary with the circumstances of the case and consequently is not susceptible to a hard and fast rule. We are not, however, prepared to follow those authorities which equate good cause with relevancy and materiality to the subject matter of the action,[2] but are more impressed with the rationale of Guilford National Bank of Greensboro v. Southern Railway Company, 4 Cir., 1962, 297 F.2d 921, holding that Rule 34 requires something more than a demonstration of relevancy and a greater showing of need than under the other discovery rules.[3]

■ What the reports will disclose is not evident but it is fair to assume that they will include a description of the scene, the condition of the conveyor and the sack both before and after the accident and probably the conduct or condition of the plaintiff both before and after. This has a bearing upon plaintiff's need for the reports since it is possible that the condition of the scene of the accident has in the meanwhile changed. Helverson v. J. J. Newberry Company, W.D.Mo.1954, 16 F.R.D. 330. The fact that these reports are in the exclusive possession and control of the defendant, while insufficient alone to justify, nevertheless supports the showing of special need, particularly since the information cannot be satisfactorily discovered by interrogatories or depositions.[4] Another consideration to be weighed is the fact that the reports were probably made in the regular course of business [5] and may be offered in evidence by the defendant.[6]

We find that no privilege attached to these reports under the work product doctrine of Hickman and, moreover, that the good cause requirement of Rule 34 has been satisfied. Consequently, plaintiff's motion must be granted as indicated.

Settle order within ten (10) days on two (2) days' notice.

2. Connecticut Mutual Life Insurance Co. v. Shields, S.D.N.Y.1955, 17 F.R.D. 273.

3. Cf., Crowe v. Chesapeake and Ohio Railway Company, E.D.Mich.1961, 29 F.R.D. 148.

4. See Guilford National Bank of Greensboro v. Southern Railway Company, supra; 2A Barron & Holtzhoff § 796, p. 424.

5. See Eiseman v. Pennsylvania R. R., E.D. Pa.1944, 3 F.R.D. 338; Pennsylvania R. R. v. Julian, D.Del.1950, 10 F.R.D. 452; Palensar v. Isthmian S.S. Co., S.D. N.Y.1951, 11 F.R.D. 552; United States v. Swift & Company, N.D.Ill.1959, 24 F.R.D. 280.

6. See United States v. New York Foreign Trade Zone Operators, 2 Cir., 1962, 304 F.2d 792.