Alfred **ALMAGUER**, Plaintiff,

v.

**CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, a Corporation, Defendant.**

**No. Civ. 03563.**

United States District Court,
D. Nebraska.

May 19, 1972.

William C. Lane, Kansas City, Mo., Warren C. Schrempp, Omaha, Neb., for plaintiff.

C. Arlen Beam, Lincoln, Neb., for defendant.

## MEMORANDUM AND ORDER RE PRODUCTION OF STATEMENT

URBOM, Chief Judge.

The issue before the court is whether a statement of a witness, taken by the defendant's claim agent shortly after an accident in which the plaintiff was injured, should be ordered to be produced

under the 1970 amendment of Rule 34 of the Federal Rules of Civil Procedure.

By virtue of Rules 34 and 26(b) (1) and (3), the statement of a witness who is not a party may be obtained by discovery, if it is merely relevant to the subject matter involved in the pending action and is not privileged, unless the statement was taken "in anticipation of litigation or for trial." If it was taken in such anticipation, the one obtaining discovery is obliged preliminarily to show that he "has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

Although the pertinent facts are only sparsely developed, these are stated by counsel in one form or another: The plaintiff was injured while working for the defendant on April 29, 1969. The defendant's track supervisor, Henry Schipper, who was the plaintiff's immediate superior, was the only witness, except the plaintiff. On May 31, 1969, two months before the plaintiff retained counsel, the defendant's nonlawyer claim agent, as a part of a routine investigation and in anticipation of a possible claim, took the written statement of Schipper. A petition was filed on November 6, 1969, in the District Court of Wyandotte County, Kansas (the nature of the action is not mentioned). The complaint in the present action was filed on June 3, 1970. The plaintiff's counsel took Schipper's deposition in the present case on August 11, 1971, and apparently Schipper is available to be called by either party as a witness.

On this slender showing I conclude (1) that the statement is to be considered as having been made in anticipation of litigation, and (2) that the plaintiff has not met his burden of demonstrating that he has substantial need of the statement in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the statement by other means.

The concept of preparation of documents "in anticipation of litigation" was first articulated, evidently, in the 1970 revision of Rule 26(b) (3), which limits the scope of Rule 34. The Advisory Committee's Note, 48 F.R.D. 497, 500, reveals something of the committee's thought as to the meaning of the phrase:

"As to trial-preparation materials, however, the courts are increasingly interpreting 'good cause' as requiring more than relevance. When lawyers have prepared or obtained the materials for trial, all courts require more than relevance; so much is clearly commanded by Hickman [Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451]. But even as to the preparatory work of nonlawyers, while some courts ignore work-product and equate 'good cause' with relevance, e. g., Brown v. New York, N. H. & H. R. R., 17 F.R.D. 324 (S.D.N.Y.1955), the more recent trend is to read 'good cause' as requiring inquiry into the importance of and need for the materials as well as into alternative sources for securing the same information. In Guilford Nat'l Bank [of Greensboro] v. Southern Ry., 297 F.2d 921 (4th Cir. 1962), statements of witnesses obtained by claim agents were held not discoverable because both parties had had equal access to the witnesses at about the same time, shortly after the collision in question. The decision was based solely on Rule 34 and 'good cause'; the court declined to rule on whether the statements were work-product. The court's treatment of 'good cause' is quoted at length and with approval in Schlagenhauf v. Holder, 379 U.S. 104, 117–118 [85 S. Ct. 234, 13 L.Ed.2d 152] (1964). See also Mitchell v. Bass, 252 F.2d 513 (8th Cir. 1958); Hauger v. Chicago, R. I. & Pac. R. R., 216 F.2d 501 (7th Cir. 1954); Burke v. United States, 32 F.R.D. 213 (E.D.N.Y.1963). While the opinions dealing with 'good cause'

do not often draw an explicit distinction between trial preparation materials and other materials, in fact an overwhelming proportion of the cases in which a special showing is required are cases involving trial preparation materials.

"The rules are amended by eliminating the general requirement of 'good cause' from Rule 34 but retaining a requirement of a special showing for trial preparation materials in this subdivision. The required showing is expressed, not in terms of 'good cause' whose generality has tended to encourage confusion and controversy, but in terms of the elements of the special showing to be made: substantial need of the materials in the preparation of the case and inability without undue hardship to obtain the substantial equivalent of the materials by other means.

"These changes conform to the holdings of the cases, when viewed in light of their facts. . . ."

The Advisory Committee does not identify the cases which constitute the "overwhelming proportion" of cases that "are cases involving trial preparation materials." Its citation of *Guilford, Schlagenhauf, Mitchell, Hauger* and *Burke* is indication that those cases, at least, involved materials prepared in anticipation of litigation or trial in the judgment of the Advisory Committee. *Guilford* centered upon statements of witnesses taken by a railroad company's claim agent from two days to seven weeks after an accident. *Schlagenhauf* dealt with a medical examination and is not instructive on the term "in anticipation of litigation or for trial." *Mitchell* related to the production of statements of employees of the defendants taken by investigators for the Secretary of Labor regarding claimed violations of the Fair Labor Standards Act. *Hauger* decided an issue of discovery of statements of the defendant's employees given "to Rock Island in order to permit its attorneys to prepare its defense" and given within a day or two after a railroad accident. *Burke* involved reports of investigation of an accident made within two months after an accident by post office employees. While these cases leave some doubt because of thinly developed factual statements, I think it is fair to conclude from the Advisory Committee's Note and the cases cited in it that statements taken by a claim agent immediately after an accident are taken in anticipation of litigation. This, I think, is not contrary to my holding in Abel Investment Co. v. United States, D. C., 53 F.R.D. 485 (1971). The anticipation of the filing of a claim against a railroad, when a railroad employee has been injured or claims to have been injured on the job, is undeniable, and the expectation of litigation in such circumstances is a reasonable assumption.

Accordingly, I conclude that the statement of Henry Schipper was taken in anticipation of litigation and that the burden thus becomes the plaintiff's to show a substantial need and an inability to obtain the equivalent by other means.

The factors which tend in this case to provide a need for the statement are that the statement was taken a month after the accident; that almost three years have since elapsed; that the plaintiff's counsel took the deposition of Henry Schipper on August 11, 1971; that in the deposition Henry Schipper exhibited some uncertainty about some circumstances of the accident; and that Henry Schipper is and since the accident has been an employee of the defendant.

On the other hand, much is missing from the record. There is not even a declaration that the plaintiff's counsel does not have an early statement of Schipper. The plaintiff has had counsel since two months after the statement was taken by the defendant's claim agent and it is doubtless true that the plaintiff has known since the accident that Schipper was present at the time of the accident. Yet no explanation has

been offered for the failure, if there be a failure, of the plaintiff's counsel to obtain a statement from Schipper. During the taking of Schipper's deposition, the deponent was never asked about the existence of any statement, or whether he had used to refresh his memory for the deposition the statement which he had given the defendant's claim agent, or whether there were facts he had recalled and related to the claim agent which he could not recall at the time of the deposition. Knowledge of these matters would be helpful in determining whether there is genuine need for the statement now sought.

More than mere passage of two years between the giving of the statement to the defendant's claim agent and the plaintiff's taking of the witness' deposition is required to show need. If the rules are to be interpreted so that:

> "[E]ach side should be encouraged to prepare independently, and . . . one side should not automatically have the benefit of the detailed preparatory work of the other side." [1]

then some diligence on the part of the plaintiff is in order. If the plaintiff's counsel may show a need merely by failing to interview a witness for a substantial length of time, the goal expressed by the Advisory Committee would be frustrated. Where, as here, there is a total lack of a showing of justification for failure to interview soon after the accident, if there was such a failure, the need is not shown. In this sense this case differs pointedly from Mitchell v. Bass, supra, where the witnesses had refused to give statements to the requesting party.

Similarly, the fact that Schipper was and is the employee of the defendant is not sufficient to show either a need for the statement given the employer or an inability to get the substantial equivalent. Guilford National Bank v. Southern Railway, supra, says as much.

I cannot simply assume that Schipper was inclined to speak more freely to an employer than to a working companion of many years. The plaintiff's counsel says that Schipper is "hostile" to the plaintiff; the defendant's counsel says that he is not. No facts are shown that guide me toward a conclusion that he is or ever has been hostile, and a reading of his deposition fails to convey any hint of hostility.

It may be that Schipper's memory has faded and that the statement may contain facts which Schipper no longer remembers, but the plaintiff's counsel did not pursue the idea, either at the time of the taking of the deposition or through written interrogatories, apparently preferring to rely upon an inference to that effect from the mere passage of time and from the occasional indication by Schipper in his deposition testimony that he was not entirely sure of his answer. I think the inference is too tenuous to carry the day for the plaintiff, whose burden it is to establish need and inability to get a substantial equivalent by other means.

Applicable here, from the record as it presently appears, is the observation by the court in Hauger v. Chicago, R. I. & Pac. R. R., supra:

> "The situation surrounding the six statements of witnesses, now under consideration, is no different from that existing in the ordinary case where one litigant, in the course of preparation for trial, has secured statements of witnesses which the opposing party's lawyer would like to read. Even though that lawyer hopes or believes, based upon guess, conjecture or suspicion, that a reading of the statements would reveal a basis for impeachment, or give him other valuable information, it has never been the practice of courts generally to require the production of such statements under such circumstances.

---

1. Advisory Committee's Note, 48 F.R.D. 487, 501.

The courts have traditionally left a lawyer to his own industry aided by the use of depositions, interrogatories and subpoenas. A court is not justified in ordering a litigant to permit his adversary to inspect witness statements, which he has procured in preparing for trial, upon the adversary's mere surmise or suspicion that he might find impeaching material in the statements. . . ."

It therefore is ordered that the plaintiff's request for production and inspection of the statement of Henry Schipper, made at the pretrial conference, is denied.