## CIRCUIT COURT OF THE CITY OF RICHMOND

Linwood A. Tabb, Jr.

v.

Walter Lehmann Judd
and Purcell Jackson

March 10, 1975

Case No. 6896

By JUDGE JAMES EDWARD SHEFFIELD

This matter is before the Court on plaintiff's Motion To Compel Production of Documents which moves the Court to compel the production of statements given by defendant Jackson and "other occupants of the Jackson vehicle . . ." to the defendants' insurance carrier representative; requests an in camera inspection of the insurance carrier's records by the Court; and the entry of an order permitting that ". . . plaintiff be permitted to inspect and/or copy these records which the Court deems proper and which contain material contradictory statements."

The material allegations and representations of the parties material to the resolution of the issue before the Court are the following. This suit involves a pedestrian-motor vehicle collision. One of the material facts to be established at trial will be the location of the plaintiff at the time of his injury.

Counsel for the plaintiff represents in argument on his Motion To Compel Production of Documents that defendant Jackson's insurance claim representative indicated to counsel orally that he had information in his file that would be inconsistent to the statement that Jackson made in the taking of his (Jackson's) deposition. The insurance claim representative did not state whether he had obtained this information from Defendant Jackson or not, in fact he did not state where he had obtained the information.

Plaintiff alleges in its Motion that defendant Jackson and other occupants of the Jackson vehicle testified during discovery depositions that plaintiff was located in the middle of Leigh Street at the time of his injury. It is this testimony that plaintiff's counsel believes is contradicted by prior statements given to the defendants' insurance claim representative shortly after the accident which the plaintiff desires to have produced. It is his representation that in these earlier statements, these witnesses stated that the plaintiff was not in the street at the time of his injury, but somewhere on the curb.

Counsel for the defendant Jackson, on the other hand, argues that these statements should not be produced because the statements were secured as part of a routine investigation and in anticipation of a possible claim and as such, they were thus taken in "anticipation of litigation or for trial and are therefore privileged." The defendant Jackson relies upon the cases of Almaguer v. Chicago Rock Island & Pacific Railroad Company, 55 F.R.D. 147 (1972), and Stix Products Inc. v. United Merchants & Manufacturers Inc. et al., 47 F.R.D. 334 (1969), as authority for its position.

It is the opinion of the Court that the plaintiff's Motion To Compel Production of Documents is granted on the following conditions:

(1) That only those statements made by Defendant Jackson, other occupants of the Jackson vehicle and

statements of any other actual witnesses to the accident must be produced.

(2) That the statements referred to in paragraph (1) above are to be sealed and hand delivered to the Clerk or Deputy Clerk of this Court for transmittal to the undersigned. These statements are to be examined by the Court, in camera, and the plaintiff will be permitted to inspect and/or copy only those statements, or portions of statements, which contain relevant and contradictory statements to those made by the same witnesses and stated in discovery depositions.

Rule 4:1(b)(1) and (3) of the Rules of the Supreme Court of Virginia are dispositive of the issue in the case at bar. The Court concludes that these Rules do not bar all statements made by a party to its attorney or to its insurance claim agent, which statements admittedly are in anticipation of litigation or trial.

The present Rules of the Supreme Court governing discovery became effective March 1, 1972, and are applicable to suits and actions commenced on or after that date. There does not appear to be a decision in point by the Supreme Court of Virginia, however, the present amendment to the Virginia Rules make them consistent with Rule 26 of the Federal Rules of Civil Procedure and where there are no Virginia Supreme Court decision interpreting the above two Sections of Rule 4, recent Federal decisions are instructive and persuasive authority in their correct interpretations.

One of the purposes of discovery procedures is to obtain evidence in the sole possession of one party which is unobtainable by opposing counsel through independent means. See Rakes v. Fulcher, 210 Va. 542 (1970). In order to accomplish this purpose, the courts liberally construe the rules of discovery.

The general scope of discovery under the Rules of the Supreme Court of Virginia is established in Rule 4:1(b)(1) which states that a party may obtain discovery of any matter not privileged, which is relevant in the following general terms:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

While the Rules of the Supreme Court are silent as to what matters are "privileged" under Section 4:1(b)(1), it is clear from explicit provisions of Section 4:1(b)(3) that the work product of an attorney and/or a statement taken by a claims adjuster from his insured in contemplation of litigation is not of itself, because of its nature alone, "privileged" and therefore absolutely immune from discovery. Discovery of such documents will be permitted where certain conditions are shown to exist.

Section 4:1(b)(3) of the Rules of the Supreme Court states that a party may obtain discovery of a document prepared in anticipation of litigation or for trial in the following explicit terms:

(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a

showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

The test appears from the foregoing Rule to be relevancy and whether the party seeking discovery can show "a substantial need of the materials in the preparation of his case" plus the fact that "he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

It is obvious that the framers of Section (3) of this Rule did not contemplate that materials obtained through trial preparation or in anticipation of a claim, such as a statement made by an insured to his claims adjuster would be considered "privileged" under Sub-section (1) and therefore absolutely immune to discovery because of the fact that they explicitly allow for such discovery in Sub-section (3).

The Supreme Court of Virginia's decision in Rakes v. Fulcher, supra, is also instructive in the interpretation to be given the above Rules although that decision arose under the prior Rules and involved an interpretation of Rule 4:9.

In Rakes v. Fulcher, supra, plaintiff, in an action for damages arising out of an automobile accident, filed a motion pursuant to the then existing Rule 4:9 of the Rules of the Supreme Court, requesting the Court to enter an order requiring the defendants among other things to produce all written statements of witnesses interviewed and all narratives and written reports of claim adjusters relative to their investiga-

tive activities and contacts with possible witnesses relating to the accident.

The pertinent part of the then existing Rule 4:9 was as follows:

(a) Upon Motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provision of Rule 4:5(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 4:1(b) and which are in his possession, custody, or control . . .

The supporting affidavit stated that affiant believed that:

. . . immediately upon the occurrence of the accident or soon thereafter, the defendants, through their agent or agents of their insurance carrier, conducted an investigation of the facts and circumstances leading up to the accident; that the information requested was necessary and important to prove the negligence of Fulcher and it was not readily available to plaintiff. Id. at 544.

On the same day, the plaintiff filed interrogatories requesting the defendants to furnish her with the names and addresses of all persons known to them who had knowledge of the facts and circumstances surrounding the accident. Defendant's counsel countered by affidavit alleged that statements taken after the accident were part of his work product for use in preparation for trial.

Plaintiff thereafter took discovery depositions of defendant and two claim adjusters for Allstate Insurance Company, defendant's insurer. Plaintiff's attorney renewed his motion for production stating that claim adjuster Lynn had not stated in his discovery depositions that he had talked to one, Stone, who had taken statements from a witness and from the defendant, and that therefore the requested documents were needed in order to test the accuracy of the adjuster Lynn's deposition.

The trial court denied plaintiff's second motion for the production of documents previously requested, upon the representation of defendant's counsel that plaintiff had been furnished the names and addresses of all persons who had knowledge of the facts and circumstances surrounding the accident.

Although the Supreme Court in Rakes did not have the benefit of a rule like the present Rule 4:1(b)(3), which specifically provides for the discovery of documents prepared in anticipation of litigation, the Supreme Court, in construing the "good cause" language of the then existing Rule 4:9 stated in pertinent part as follows:

> Within the scope of the good cause rule is the "work product" doctrine, which protects an attorney from opening his files for inspection by an opposing attorney. This doctrine, however, does not offer absolute immunity, and discovery will be permitted where a showing of necessity greater than the normal requirement for good cause is made. Hickman v. Taylor, 329 U.S. 495, 511-12, 67 S. Ct. 385, 394, 91 L. Ed. 451, 462-63 (1947). See also Kearney & Trecker Corp. v. Giddings & Lewis, Inc., 296 F. Supp. 979, 982 (E.D. Wis. 1969).

The Supreme Court affirmed the trial court's denial of plaintiff's first motion to produce on the finding that plaintiff had failed to establish "good cause" for the production of the requested documents,

but not on the basis of "privilege," or the sanctity of an attorney's work product.

That Court further affirmed the trial court's denial of plaintiff's amended motion to produce, (which was based upon the suspicion that Lynn, a claims adjuster for defendant's insurer, had made an inconsistent and incomplete statement in his discovery depositions because he did not mention the fact that he had talked with one Stone, a claims adjuster for plaintiff's insurer, who had taken statements from the defendant and a witness). The Court stated that:

> The mere suspicion of counsel that Lynn had made inconsistent and incomplete statements is not a showing of good cause. Id. at 548.

Again, the denial of discovery was not based on prejudice but on a failure to show "good cause," The Supreme Court, by inference, recognized that had good cause been shown, the documents, although a part of the attorney's work product would have been discoverable. The defendant cites the Federal District Court cases of Almaguer v. Chicago Rock Island & Pacific Railroad Company, 55 F.R.D. 147 (1972), and Stix Products, Inc. v. United Merchants & Manufacturers, Inc., et al., 47 F.R.D. 334 (1969), as authority for its position that the requested documents are work product prepared in anticipation of litigation, therefore they are privileged, and therefore absolutely immune from discovery by the plaintiff. It is submitted that a close reading of these cases indicate that they are not at war with the theory of the Virginia Supreme Court's decision in Rakes v. Fulcher, supra.

In Almaguer, the issue before the Federal District Court in Nebraska was whether a statement of a witness, taken by defendant's claim agent shortly after an accident in which the plaintiff was involved, should be ordered to be produced under Rule 34 of the Federal Rules of Civil Procedure. (By virtue of Rules 34 and 26(b)(1) and (3), the statement of a witness who is not a party may be obtained by discovery, if it is merely relevant to the subject matter involved in the

pending action and is not privileged, unless the statement was taken in such anticipation, the one obtaining discovery is obliged preliminarily to show that he "had substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.")

In Almaguer, plaintiff was injured on April 29, 1969, and the only witness to the injury was his track supervisor, Schipper. On May 31, 1969, two months before plaintiff retained counsel, defendant's non-lawyer claim agent, as a part of a routine investigation and in anticipation of a possible claim, took the written statement of Schipper. A petition was filed during the following November in a District Court in Kansas and on June 3, 1970, plaintiff filed the action in Nebraska. Plaintiff's counsel took Schipper's deposition in the Nebraska case on August 11, 1971; and Schipper was apparently available to be called by either party as a witness.

In denying the plaintiff's discovery of Schipper's statement, the Nebraska Federal District Court held in Almaguer that:

> . . . I conclude (1) that the statement is to be considered as having been made in anticipation of litigation, and (2) that the plaintiff has not met his burden of demonstrating that he has substantial need of the statement in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the statement by other means. Id. at 148. Emphasis supplied.

The factors relied upon by the plaintiff as establishing its need for the statement of Schipper were that: a) it was taken a month after the accident; b) that almost three years have elapsed since it was taken; c) that in the depositions taken of Schipper on August 11, 1971, Schipper exhibited some uncertainty about some circumstances of the accident; and d) that

Schipper, since the accident had been an employee of the defendant.

The Court reasoned that there was not in the record any declaration by plaintiff that it did not have Schipper's earlier statement; plaintiff had counsel as early as two months after the accident and doubtless knew since the accident that Schipper was present at the time of the accident and there was no explanation as to why plaintiff's counsel had not obtained Schipper's statement. During the taking of Schipper's deposition, he was never asked about the existence of any statement or any questions concerning it.

The Court concluded that the required substantial need for the statement had not been shown and stated in pertinent part as follows:

> More than mere passage of two years between the giving of the statement to the defendant's claim agent and the plaintiff's taking of the witness' deposition is required to show need. If the rules are to be interpreted so that:
>
> "Each side should be encouraged to prepare independently, and . . . one side should not automatically have the benefit of the detailed preparatory work of the other side"
>
> then some diligence on the part of the plaintiff is in order. If the plaintiff's counsel may show a need merely by failing to interview a witness for a substantial length of time, the goal expressed by the Advisory Committee would be frustrated. Where, as here, there is a total lack of a showing of justification for failure to interview soon after the accident, if there was such a failure, the need is not shown. In this sense this case differs pointedly from Mitchell v. Bass, supra, where the witnesses

had refused to give statements to the requesting party. Id. at 150.

Thus, even in Almaguer, cited by the defendant, an attorney's work product and/or documents prepared in anticipation of litigation, in the Federal Courts, under Rule 34 and 26(b)(1) and (3) (which our current Rule 4:1(b)(3) is modeled after), are discoverable once the plaintiff satisfies the requirement of showing that he has a substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials requested by other means.

The Stix Products Inc. v. United Merchants & Manufacturers Inc. case, supra, is distinguishable on its facts from the instant case, however, the holding of the case is consistent with Rakes. The Stix case is, however, instructive and illustrative as to what matters are privileged under the attorney-client privilege.

In the Stix case, the plaintiff sought to compel production of documents which fell into three general groupings:

(1) Opinions rendered by Brumbaugh, its attorney, to the third party defendant (Weiss & Klau) regarding the validity by its patent.

(2) Correspondence between Weiss and Klau and its attorney relating to the case then in litigation and customer letter regarding how to answer customer's questions and letters regarding the patent.

(3) Inter-correspondence between two groups of attorneys generally relating to the subject matter of group (2) above.

The Court concluded as to category (1) that although the defendant had not relied upon the attorney-client privilege, "In the absence of the required showing by UMM that this document is essential to the preparation of its case, the work-product privilege

protects against discovery of the Brumbaugh opinion." Id. at 338.

As to the correspondence in category (2), the Court concluded that all documents contained either requests for legal advice or legal advice itself, and that "As such, they are conventional exemplars of privileged communications immune against discovery . . . The attorney-client privilege as to all of these documents is in full force and effect." Id. at 339.

As to correspondence between two groups of attorneys, the Court held that these were not discoverable, under the attorney-client and work-product privileges. Id. at 339.

In the instant case, this Court concludes that the statements which the plaintiff seeks to have ordered produced, if they exist, would be relevant as the location of the plaintiff-pedestrian at the time of his injury will be a crucial question in the trial of this case; and the requested documents are in the category of documents which are covered under Rule 4:1(b)(3) and as such were ". . . prepared in anticipation of litigation or for trial . . ." The Supreme Court of the United States in Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947), recognized that there is no requirement that the documents be prepared after litigation has been commenced.

The pivotal issue is thus whether plaintiff has shown ". . . a substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means," as required by Rule 4:1(b)(3). The granting or denying of a request for discovery has been held to be a matter within the trial court's discretion and will be reversed only if the action taken is improvident and affected substantial rights. Michie's Jurisprudence, Discovery, Section 24.1, Supp. p. 35.

The plaintiff has represented in oral argument that he needs the statements in question, in order to

prove a prior inconsistent statement made by someone to an insurance claims adjuster.

He states further that the defendant Jackson's claim agent informed him personally that he had information in his claim file which would indicate that inconsistent information to that adduced in the taking of depositions had been given to him as to the location of the plaintiff at the time he was injured. Plaintiff counsel, however, cannot state the source of the inconsistent information, as he did not explore the source of the information with the claims agent.

Defendant Jackson and other witnesses are purported to have testified in the taking of depositions that the defendant was in the street at the time of his injury. If, in fact, they gave an earlier inconsistent statement to the claims adjuster, those statements would be relevant; the plaintiff would have a substantial need for the statements in the preparation of his case and the plaintiff would be otherwise unable now possibly to obtain the same kind of inconsistent statement that the defendant Jackson, or any other party or witness, may have given earlier to the claim agent.

While it is true that the Supreme Court of Virginia in Rakes held that the mere suspicion of counsel that an inconsistent statement had been made was not sufficient to establish "good cause" under the former Rule 4:9, more than mere suspicion has been alleged in the case at bar, without contradiction by the defendant. Plaintiff's counsel, an officer of the court, represents that he has been informed of the existence of inconsistent information to that adduced in the taking of depositions in the defendant Jackson's claim agent's file. While the plaintiff cannot definitely state where in defendant's file the statement may be found, or who made the statement, this Court may under Rule 4:1(b)(3) protect against disclosure of otherwise undiscoverable data in the claim adjuster's file by reviewing the file, in camera, and by releasing for plaintiff's examination and copying, only that portion of the file which contains information which is rele-

vant and which is inconsistent to testimony given in the taking of depositions.

For the above reasons, the plaintiff's motion is granted upon the conditions set forth above, any reasonable expense involved in the compliance with same to be borne by the plaintiff in accordance with Rule 4:1(b)(3).