FAULKNER, Justice.
State Farm Insurance Company petitions for a writ of mandamus to Judge Elwood L. Hogan to review and reverse his order requiring it to turn over large portions of its investigative file to Howard Johnson, administrator of the estate of Rether Johnson, for his use in a wrongful death action against State Farm’s insured. The writ is granted.
Howard Johnson, as administrator of the estate of Rether Johnson filed suit on September 6, 1977 against Nancy Lynch, Tammie Ward, and David Campbell in Mobile County Circuit Court for the wrongful death of Rether Johnson resulting from an accident on May 4. He alleged that automobiles driven by Lynch and Ward collided and ran into the parking lot of a 7-11 store where Johnson was struck and killed. At the time of the accident Ward was operating a car owned by David Campbell, who was insured by State Farm.
State Farm filed a declaratory judgment action seeking a declaration that Ward was not an insured under its policy. The wrongful death action was enjoined until the trial judge decided that Ward was an insured under the State Farm policy. State Farm then filed an answer on behalf of Ward.
Being the insurer of one of the vehicles involved in the accident, State Farm, through its claims specialist, Robert Bur *1134 nett, investigated it promptly. His office received the claim on May 6. Following in chronological order appear the documents prepared by him:
Date Document Prepared: Nature of Document:
May 10, 1977 Statement of Mrs. David Campbell, Sr.
May 10, 1977 Statement of Mr. David Campbell, Sr.
May 10, 1977 Statement of Ms. Tammy Ward
May 10, 1977 Statement of Ms. Jackie Grant
May 11, 1977 Preliminary Report
May 12,1977 Statement of Mr. David Campbell, Sr.
May 16, 1977 Memo from Mr. Warren Harris
May 19,1977 Statement of Mr. Herman Bed-well
May 19,1977 Statement of Mr. David Campbell, Sr.
May 19,1977 Office memorandum to Mr. Warren Harris
May 20,1977 Office memorandum from Mr. Warren Harris
June 10,1977 Office memorandum from Mr. Warren Harris, including final report on accident
June 13,1977 Office memorandum to Mr. Warren Harris
Subsequently, based on his interviews and research, Burnett submitted reports and inter-office memoranda to his supervisor, Warren C. Harris, evaluating the claims, discussing possible theories of liability, and settlement value. Harris replied, also by inter-office memoranda, giving his evaluation of the claims, possible liability, and his recommendation to Burnett, whether to settle or litigate.
During discovery, Johnson’s lawyer served a subpoena on State Farm requesting production of the following documents under Rule 34, ARCP:
(a) All written or sound recorded statements in the possession, custody or control of State Farm which were taken from any person which in any way pertains to the accident made the basis of Civil Action No. CV-77-001206.
(b) All interoffice memorandums in the possession, custody or control of State Farm which in any way pertains to the accident referred to in paragraph (a) above.
(c) All written or recorded statements in the possession, custody or control of State Farm taken from any person which in any way pertains to the circumstances or occurrences, including all hearsay statements, which existed or took place prior to the defendant Tammie Lee Ward coming into possession of the automobile owned by David Campbell, which automobile Tammie Lee Ward was operating at the time of the accident referred to in paragraph (a) above.
(d) All correspondence or letters of every nature and description in the possession, custody or control of State Farm and its attorneys), which in any way pertains to any of the matters referred to above in paragraph (a)(b) and (c). [sic.]
(e) In general, all other documents, instruments, written or sound recorded statements taken from any person and things of every nature and description not hereinabove specified, in the possession, custody or control of State Farm which tends in any way to prove or disprove Tammie Lee Ward’s contention that the defendant Tammie Lee Ward was not negligent as alleged in defendant Tammie Lee Ward’s answer.
Paragraph (d) was later amended to correct a typographical omission and to read as follows:
All correspondence or letters of every nature and description in the possession, custody or control of State Farm (EXCEPT CORRESPONDENCE OR LETTERS BETWEEN STATE FARM AND ITS ATTORNEYS), which in any way pertains to any of the matters referred to above in paragraph (a) (b) and (c).
State Farm filed an objection to the subpoena and a motion for a protective order asserting the material sought (essentially their entire file) was prepared in anticipation of litigation and could not be discovered under ARCP 26(b)(3) unless it was shown that Johnson had substantial need of it and was unable without undue hardship to obtain the substantial equivalent of the *1135 material by other means. They also argued that the request was an undue invasion of the mental impressions, conclusions, opinions, and legal theories of State Farm’s attorneys and agents.
After a misunderstanding by State Farm on what the court had earlier ordered State Farm to do relating to the documents, the court allowed State Farm to orally refile its motion and objection to the subpoena and allowed Johnson to refile his Rule 34 motion. State Farm also filed affidavits from Harris and Burnett. After a hearing, on August 30, 1979, the trial judge denied State Farm’s motion for a protective order and overruled its objection to the subpoena and granted Johnson’s motion to compel production of documents. State Farm filed this petition for writ of mandamus and a motion for stay. We granted the petition, ordered the trial judge to file an answer, and granted the motion to stay.
The trial judge, in his answer, denied that his order compelled State Farm to turn over its entire investigative file to Johnson’s lawyer. Additionally, he denied that the materials described in the subpoena were prepared in anticipation of litigation, for trial by or for any party, or for State Farm’s attorney.
We are asked to decide whether a party’s insurer may be required by an adverse party pursuant to ARCP 34 to produce statements (other than that of the requesting party), office memoranda, evaluation reports and other materials prepared by the insurer after the claim arose but before a suit is filed against the insured, when the requesting party makes no showing of substantial need of the materials or that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
ARCP 26(b)(1) provides the general scope of discovery, and ARCP 26(b)(3) further defines the requirements that must be met to discover trial preparation materials:
(3) Trial Preparation: Material. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party’s representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. [Emphasis added.]
Thus, if these materials were “prepared in anticipation of litigation,” their discovery could properly have been ordered only on a showing by Johnson that he had “substantial need of the materials in preparation of his case and that he [was] unable without undue hardship to obtain the substantial equivalent of the materials by other means,” and no such showing was made.
The exact meaning of the phrase “prepared in anticipation of litigation” has never been considered by this Court. Because of the similarity between the Federal Rules of Civil Procedure and the Alabama Rules, we examine cases interpreting Federal Rule 26(b)(3) for authority in construing the language at issue in our Rule 26(b)(3). See, Bracy v. Sippial Electric Co., 379 So.2d 582 (Ala. 1979); State v. Horton, 373 So.2d 1096 (Ala. 1979). We also look to decisions of other states construing their rules of court similar to ARCP 26(b)(3).
Numerous federal courts have considered the discoverability of reports and memoran-da prepared by a party’s insurer and have not arrived at a single position. The apparent majority of the federal courts appear to take the position that unless the insurer’s investigation was investigated at the request of or under the guidance of an attorney, there is a conclusive presumption that *1136 the investigative reports were made in the ordinary course of the insurer’s business and not in anticipation of litigation or for trial. Cf. Thomas Organ Co. v. Jadranska Solbodna Plovidba, 54 F.R.D. 367 (N.D. Ill. 1972); McDougall v. Dunn, 468 F.2d 468 (4th Cir. 1972); Fletcher v. Meaerne, 20 F.R.Serv.2d 202 (D. Mass. 1975); Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co., 61 F.R.D. 115 (N.D. Ga. 1972); Universal Vendors, Inc. v. Candimat Co. of America, 16 F.R.Serv.2d 1329 (E.D. Pa. 1972); Southern Ry. Co. v. Campbell, 309 F.2d 569 (5th Cir. 1962).
Other federal cases, however, have arrived at the position that reports, statements, memoranda, and the like developed by the insurer during its investigation prior to the employment of counsel are prepared in anticipation of litigation and absent a Rule 26(b)(3) showing by the requesting party are not subject to discovery. Almaguer v. Chicago, Rock Island & Pacific Railroad Co., 55 F.R.D. 147 (D. Neb. 1972); Smedley v. Travelers Insurance Co., 53 F.R.D. 591 (D. N.H. 1971). Almaguer appears to be the most discussed federal case that does not follow the apparent federal majority.
State courts have generally taken the position of Almaguer. See Fireman’s Fund Ins. Co. v. McAlpine, 391 A.2d 84 (R.I. 1978). In Almaguer the U.S. District Court held that:
statements taken by a claim agent immediately after an accident are taken in anticipation of litigation. * * * The anticipation of the filing of a claim against a railroad, when a railroad employee has been injured or claims to have been injured on the job, is undeniable, and the expectation of litigation in such circumstances is a reasonable assumption.
In Fireman’s Fund Ins. Co., Justice Kel-leher, apparently persuaded by Almaguer stated:
This statement is of equal validity when the mishap involves an automobile. In our litigious society, when an insured reports to his insurer that he has been involved in an accident involving another person, the insurer can reasonably anticipate that some action will be taken by the other party. The seeds of prospective litigation have been sown, and the prudent party, anticipating this fact, will begin to prepare his case. See 8 Wright and Miller, Federal Practice and Procedure, § 2024 at 198 (1970). Although a claim may be settled short of the instigation of legal action, there is an ever-present possibility of a claim’s ending in litigation. The recognition of this provides, in any given case, the impetus for the insurer to garner information regarding the circumstances of a claim.
We do not mean to imply, however, that under no circumstances can an insurer be deemed to conduct an investigation of a claim in the ordinary course of its business. In many cases an insurer may prepare reports for a purpose other than in response to the threat of litigation.
In this case, State Farm’s claims specialist testified, by affidavit, that from the very outset of his investigation, it was obvious to him that State Farm’s insured was free from liability, and that he prepared all of the documents for eventual litigation. Even though State Farm did not turn over its file to its attorney until after the lawsuit was filed in September, we opine, from the meager evidence in the record, that the investigation was conducted in anticipation of litigation. From the nature of the case, a death Claim, State Farm’s agent could have reasonably concluded that its insured would be sued. This was not the type of fender-bender case where a settlement with the insured would likely occur without a lawsuit.
We hold that, in this case, discovery of the materials sought by Johnson cannot be permitted unless he shows a substantial need of the materials for preparation of his case, and that he is unable without due hardship to obtain the substantial equivalent of the materials by other means. By this holding, we are not to be understood that it would apply in every case. Because a claims agent may state conclusively that *1137 his investigation was conducted in “anticipation of litigation” will not necessarily make it so. Each case must sit on its own bottom.
We grant the writ and remand the case so that Johnson may be given an opportunity to make a showing of “substantial need” and “without undue hardship” as provided by Rule 26(b)(3), ARCP.
WRIT GRANTED.
TORBERT, C. J., and MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
BLOODWORTH, J., not sitting.