**Lawanna BEARD, Plaintiff,**

**v.**

**MIDDLE TENNESSEE HOME HEALTH SERVICE, et al., Defendants.**

**No. Civ. 4–92–009.**

United States District Court,
E.D. Tennessee,
Winchester Division.

Oct. 19, 1992.

Clifton N. Miller, Henry & McCord, Tullahoma, Tenn., for plaintiff.

Michael M. Castellarin, Moody, Whitfield & Castellarin, Nashville, Tenn., for defendants.

**341**

## MEMORANDUM AND ORDER

MURRIAN, United States Magistrate Judge.

Plaintiff alleges that she and defendant entered into an oral agreement in November, 1989 whereby she agreed to work for defendant as a full-time nursing assistant and in return defendant agreed to pay her an hourly wage and provide certain benefits for her, including health insurance; that in August, 1991 plaintiff was diagnosed with lung cancer while still in defendant's employ; that defendant Joe Cashion told her on August 16, 1991, that she had never been enrolled in the company's health benefit plan; that in September, 1991 a lobectomy was performed on plaintiff to remove the cancer; and that she was terminated from her employment on November 29, 1991. Plaintiff claims that defendants have violated various provisions of the Employee Retirement Income Security Act ("ERISA"), have breached the contract between the parties, have breached their fiduciary duty to plaintiff and have retaliated against her in violation of 29 U.S.C. § 1140. She sues for damages, back pay, attorney's fees and costs. The defendants have answered, denying any liability to plaintiff and raising certain affirmative defenses, and seek recovery of their attorney's fees and costs.

Plaintiff's motion to compel production of documents has been referred to the undersigned for disposition pursuant to Rule 72(a), Fed.R.Civ.P. [Docs. 8, 10]. Plaintiff served her first Request for Production of Documents on defendants on April 3, 1992. On or about June 19, 1992, defendants responded and produced certain documents. However, in response to requests nos. 1 and 2 certain documents were withheld from production as follows:

## DOCUMENTS REQUESTED

1. A true and correct copy of all of contents of the Plaintiff's personnel file. ATTACHED, except privileged notes prepared in anticipation of litigation.
2. Any and all other documents comprising or relating to personnel records,

including but not limited to, job applications, job descriptions, job evaluations, benefits, and/or any notes or memorandums relating to the plaintiff. ATTACHED, EXCEPT NOTES TO ATTORNEY[,] INSURANCE CARRIER OR PREPARED IN ANTICIPATION OF LITIGATION WHICH ARE PRIVILEGED.

These responses did not comply with paragraph 5 of the "Definitions and Instructions" to the Request for Production.

    5. If any document called for by any request herein is to be withheld pursuant to any purported privilege or immunity:

    a. State the basis for such claim of privilege or immunity (e.g., attorney-client privilege, work product doctrine);

    b. Identify the document being withheld by state the name or title of the document, the type of document, its date, author, addressee, a general description of its subject matter, its present location(s) and custodian(s), and each person who, to your knowledge, has seen it; and

    c. State the number and/or portion of the request to which each such document would be responsive.

◼ Even absolute protection against disclosure of documentary materials does not ordinarily foreclose discovery of the existence of the documents and a sufficient description of them to enable opposing counsel and the court to assess the merits of the claimed protection. *Manual for Complex Litigation,* Second § 21.432 (1985); *accord Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) (Conclusory affidavit by government in Freedom of Information Act case stating that documents sought were exempt from disclosure was insufficient and government must itemize and index documents withheld with detailed justification for exemption claims).

◼ Like the government in *Vaughn,* defendants have the burden of establishing that the documents sought in the instant case deserve work product protection. *Feldman v. Pioneer Petroleum, Inc.,* 87 F.R.D. 86 (W.D.Okla.1980). If that initial burden is met, the inquiry does not stop; rather, the plaintiff would then have the burden of showing "substantial need" and "undue hardship" required by Rule 26(b)(3), Fed.R.Civ.P., in order to attempt to overcome the work product protection. *Id.; see also In re Air Crash Disaster at Sioux City, Iowa,* 133 F.R.D. 515 (N.D.Ill. 1990).[1] Deciding whether a document is prepared in the ordinary course of business (no work product protection) or in anticipation of litigation (qualified privilege may attach) is often difficult. *See Thomas Organ Co. v. Jadranska Plovidba,* 54 F.R.D. 367 (N.D.Ill.1972); *Almaguer v. Chicago Rock Island & Pac. R.R.,* 55 F.R.D. 147 (D.Neb.1972); *see generally* S.L. Cohn, "The Work Product Doctrine: Protection Not Privilege," 71 Georgetown L.J. 917, 925–929 (1983).

◼ From the foregoing it can be seen that plaintiff's instruction no. 5 set out above was appropriate, and defendants should identify the documents withheld to plaintiff's counsel in the manner indicated. Defendants have filed the documents under seal with the court, but no identification of them has been made to plaintiff's counsel.

For the reasons indicated, it is ORDERED as follows:

    1. Defendants shall, within ten (10) days of entry of this Memorandum and Order file a supplementary response to Requests Nos. 1 and 2 *following* plaintiff's instruction no. 5, such that each document withheld is properly identified.

    2. An oral hearing is scheduled on this motion to commence at *1:30 P.M. on Thursday, November 19, 1992, in Knoxville.*

    3. On or before November 13, 1992, the plaintiffs' counsel shall notify defense counsel by letter if the request to produce is withdrawn as to any document

---

**1.** Of course, "opinion work product" enjoys almost absolute protection from disclosure. "Factual work product" has limited protection. 133 F.R.D. at 520.

identified per the procedure set out in no. 1 above;

4. At the hearing, defendants shall have the burden of proving the privilege and that it has not been waived. That burden cannot be met by statements, arguments or assertions of counsel. To meet it, there should be testimony from a witness or witnesses or by way of affidavits from an affiant or affiants with first-hand knowledge setting forth and establishing all elements of the work product privilege as to each document and that no waiver has occurred. The index which is to be filed per no. 1 above, any affidavits and any testimony given in connection with this paragraph shall not be filed or taken on an *ex parte* or or sealed basis. If affidavits are used, they shall be served on adverse counsel such that they are received by October 17, 1992.

5. Trial counsel for all parties will full authority shall be present at the hearing. Proceedings will be in open court. If *in camera* documents are to be reviewed, they will be reviewed at that time by the undersigned.

6. At the November 19th hearing, the plaintiff shall be prepared to meet her burden, if she can, of showing "substantial need" and "undue hardship" as to any document which the undersigned finds to have work product protection.

IT IS SO ORDERED.