**MILWAUKEE CONCRETE STUDIOS, LTD., Plaintiff,**

v.

**GREELEY ORNAMENTAL CONCRETE PRODUCTS, INC., and John W. Hrkal, Defendants and Third–Party Plaintiffs.**

v.

**James F. MALKOWSKI, Third–Party Defendant.**

**MILWAUKEE CONCRETE STUDIOS, LTD., Plaintiff,**

v.

**PRANGE WAY, INC., Jeffrey A. Schultz, Larry Sommer, and Randy Evans, Defendants.**

Nos. 91–C–351, 91–C–484.

United States District Court, E.D. Wisconsin.

Dec. 9, 1991.

374

Pattishall, McAuliffe, Newbury, Hilliard & Geraldson by Craig S. Fochler, Douglas N. Masters, John M. Murphy, Chicago, Ill. and Law Offices of Paul R. Puerner by Paul R. Puerner, Milwaukee, Wis., for plaintiff.

Robins, Kaplan, Miller & Ciresi by Alan M. Anderson, Minneapolis, Minn., for defendant and third-party plaintiffs Greeley Ornamental Concrete Products, Ltd. and John W. Hrkal.

Quale, Feldbruegge, Calvalli, Thom & Croke by Rocke A. Calvalli, Milwaukee, Wis., for defendant Prange Way, Inc., Jeffrey a Schultz, Larry Sommer and Randy Evans.

Capwell and Berthelsen by Jeffrey Leavell, Racine, Wis., for third-party defendant James F. Malkowski.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Plaintiff Milwaukee Concrete Studios is a manufacturer of an extensive product line of concrete statuary—consisting of fountains, birdbaths, sundials, statues of wildlife creatures, and the like—for, among other things, "home improvement." Defendant Prange Way is a retail store chain doing business in Wisconsin; it sells this type of product at "garden centers" at its

various stores throughout the state. Until recently, Prange Way sold Milwaukee Concrete Studios' statuary in its stores; however, it has since found an alternate supplier for such statuary: defendant Greeley Ornamental Concrete Products.

When Milwaukee Concrete Studios learned of this, it filed the above-captioned actions charging copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and unfair competition and trade dress infringement under § 43(a) of the Lanham Trade–Mark Act, 15 U.S.C. § 1125(a). Individual officers and employees of both Prange Way and Greeley Ornamental Concrete Products have also been named as defendants in these actions, but for simplicity's sake, those persons will not be discussed individually. Greeley Ornamental Concrete has filed counterclaims asserting that Milwaukee Concrete Studios (along with its president, James Malkowski, who is named as a third-party defendant) engaged in Lanham Act violations, false advertising violative of Wis.Stat. § 100.18, tortious interference with contractual relations, and defamation.

On May 23, 1991, the actions were consolidated by order of the court. A hearing on Milwaukee Concrete Studios' motion for a preliminary injunction was conducted on June 19, 1991; shortly thereafter, the court issued an order denying injunctive relief based upon each defendant's in-court "promise" to cease the allegedly infringing activities. The actions have been scheduled for trial in August 1992.

Discovery is underway, and the following discovery motions are now pending:

(1) Defendant Greeley Ornamental Concrete Products' motion to compel the production of various documents and materials; and

(2) Defendant Prange Way's "Motion for Videotaping of Depositions Upon Oral Examination."

The motion to compel will be granted in part and denied in part; the motion for leave to videotape oral depositions will be granted, with conditions.

## I.

Defendant Greeley Ornamental Concrete Product seeks an order compelling plaintiff Milwaukee Concrete Studios and third-party defendant James Malkowski to produce certain documents and materials. In its supporting memorandum, Greeley Ornamental Concrete Products has classified those documents and materials in the following four categories:

(1) "notes, correspondence, or other documents relating to a consumer survey conducted on behalf of [Milwaukee Concrete Studios];"

(2) "pleadings, deposition transcripts, or other documents in this action which contain the notes, comments, marginalia, highlighting, or other observations of [Milwaukee Concrete Studios] employees, as well as two specific notebooks upon which two employees of [Milwaukee Concrete Studios] were observed making notations during the course of depositions in this action;"

(3) "drafts of affidavits of Joan Nassauer and Judy Huebner [third-party witnesses], which were filed in this action;" and

(4) "an audio tape of a conversation between one of the attorneys for [Milwaukee Concrete Studios] and Judy Huebner, a third-party witness to this action."

The motion is accompanied with a supporting memorandum, affidavits, and the statement required by Local Rule 6, Section 6.02. Milwaukee Concrete Studios and third-party defendant Mr. Malkowski, its president, have jointly opposed the motion, and they will be referred to collectively as "Milwaukee Concrete Studios."

## A.

Pursuant to Rule 26(b)(1), Federal Rules of Civil Procedure, Greeley Ornamental Concrete Products is entitled to discovery of any documents and materials that are "relevant to the subject matter involved" in the action or that appear "reasonably calculated to lead to the discovery of admissible evidence." I believe that the documents and materials sought by Greeley

Ornamental Concrete Products fall within the broad range of items made discoverable under Rule 26(b)(1). Nevertheless, Milwaukee Concrete Studios has objected to Greeley Ornamental Concrete Products' request for discovery of certain of those items, invoking the protections of the attorney-client privilege and of the work product doctrine.

The exclusive purpose of the attorney-client privilege is to protect the client. The privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him [or her] to give sound and informed advice," *see Upjohn Co. v. United States*, 449 U.S. 383, 390, 101 S.Ct. 677, 683, 66 L.Ed.2d 584 (1981). The bounds of the attorney-client privilege have been outlined as follows

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his [or her] capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his [or her] instance permanently protected (7) from disclosure by himself [or herself] or by the legal adviser, (8) except the protection be waived.

*United States v. Lawless*, 709 F.2d 485, 487 (7th Cir.1983); *Radiant Burners, Inc. v. American Gas Association*, 320 F.2d 314, 319 (7th Cir.), cert. denied, 375 U.S. 929, 84 S.Ct. 330, 11 L.Ed.2d 262 (1963); 8 *Wigmore on Evidence* § 2292 (McNaughton rev. 1961).

Conversely, and despite the fact that it also may function to protect the client, work product protection exists to protect the lawyer—"to establish a protected area in which the lawyer can prepare his [or her] case free from adversarial scrutiny," *see In re Special September 1978 Grand Jury*, 640 F.2d 49, 62 (7th Cir.1980); *see also Hickman v. Taylor*, 329 U.S. 495, 514–15, 67 S.Ct. 385, 395–96, 91 L.Ed. 451 (1947) (Jackson, J., concurring). The protection accorded work product is founded upon "the general policy against invading the privacy of an attorney's course of preparation." *See Hickman*, 329 U.S. at 512, 67 S.Ct. at 394. In *Hickman*, the Supreme Court acknowledged that "inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial" if certain materials were "open to opposing counsel on mere demand." 329 U.S. at 511, 67 S.Ct. at 394.

The so-called "work product doctrine" emerging from *Hickman* was "codified" (for civil litigation) in the 1970 amendments to the Federal Rules of Civil Procedure, and is now found at Rule 26(b)(3):

[A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney ... or agent) only upon a showing that the party seeking discovery has substantial need of the material in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Notably, Rule 26(b)(3) extended the scope of protection beyond the attorney to "other representatives" of the party, while both preserving the requirement that the materials have been prepared in "anticipation of litigation" and upholding the basic policy considerations underlying *Hickman*. Nevertheless, the balance of interests called for by Rule 26(b)(3) readily demonstrates that the "work product protection" is not absolute.

### B.

#### 1.

■ As to the first category of materials, Greeley Ornamental Concrete Products basically asserts that because Milwaukee Concrete Studios has submitted *partial* re-

sults of the "survey" as exhibits (in support of its unsuccessful motion for a preliminary injunction), it must disclose *all* of the results. Greeley Ornamental Concrete Products claims that it needs the balance of the results to be able to test the methodology of the "survey" and to determine precisely what the "survey" revealed. Milwaukee Concrete Studios, however, denies the existence of a "survey" as such; it claims that any witness statements it collected were from "interviews"—"work product" accumulated as evidence in anticipation of its preliminary injunction motion, the production of which would reveal "the trial preparation strategy of counsel."

The materials sought by Greeley Ornamental Concrete Products are predominantly factual in nature—and their production poses little, if any, risk of revealing Milwaukee Concrete Studios' trial strategy. Moreover, irrespective of whether the "consumer interviews or surveys" might have been accumulated in anticipation of litigation, upon a showing of a "substantial need of the materials" in the preparation of its case and of an inability "without undue hardship to obtain the materials by other means," Greeley Ornamental Concrete Products may take discovery of such materials. *See* Rule 26(b)(3), Federal Rules of Civil Procedure.

■ Greeley Ornamental Concrete Products has demonstrated both a substantial need for the material and an inability to come by this information by other means. As all parties have stated earlier in this action, the market for the allegedly infringed items is seasonal; the "season" for these products will not return until the spring. This necessarily means that "equivalent" information—consumers' impressions and opinions—is no longer available in any practical sense. In addition, by having selectively disclosed *some* witness statements—be those statements from a "survey" or from an "interview"—in an attempt to obtain preliminary injunctive relief, Milwaukee Concrete Studios has waived any sort of protection of the remainder of the materials.

Greeley Ornamental Concrete Products' motion will be granted with respect to these items. However, under Rule 26(b)(3), Milwaukee Concrete Studios will be permitted to redact any portions of these materials that will disclose "the mental impressions, conclusions, opinions or legal theories" of its attorney or other representatives.

2.

■ As to the second category of documents, Greeley Ornamental Concrete Products asserts that some of the notes, comments, and observations of certain Milwaukee Concrete Studios employees (James and Nancy Malkowski among others) must be produced. Greeley Ornamental Concrete Products claims that "[t]he notes in question were notations, thoughts, or the memorilization [sic] of certain events, transcribed by [Milwaukee Concrete Studios] employees for their own use, and nothing more."

Once again, Milwaukee Concrete Studios claims attorney-client privilege and work product protection. First, it outright denies the existence of certain of the material sought by Greeley Ornamental Concrete Products (such as employee "notebooks" that, it claims, have been destroyed). Second, it asserts that other materials sought (such as notes taken during witness depositions) constitute "communications" by it to its counsel that are protected from discovery by the attorney-client privilege. Third, it claims that the materials sought, even if otherwise not privileged, constitute attorney "work product" that was "prepared in anticipation of litigation or for trial" by its representatives, and that Greeley Ornamental Concrete products has not demonstrated "substantial need of the materials" or that it "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *See* Rule 26(b)(3), Federal Rules of Civil Procedure. Milwaukee Concrete Studios also asserts that Greeley Ornamental Concrete Products' position is not "substantially justified"—and seeks sanctions under Rule 37(a)(4), Federal Rules of Civil Procedure.

In my opinion the notations, comments, and recorded observations of Milwaukee Concrete Studios employees must be shielded from discovery. The materials sought, to the extent they exist, are within the protections of the attorney-client privilege: when Milwaukee Concrete Studios employees prepared the materials, they were doing so on behalf of their employer, for the purpose of seeking legal advice. Those materials are fairly treated as communications relating to that purpose, and they are fairly considered to have been made in confidence. No waiver of the privilege has been suggested with respect to these materials; accordingly, the materials are protected from disclosure under the attorney-client privilege (upon invocation of that privilege by Milwaukee Concrete Studios, the client).

Moreover, to the extent that these materials may also be within the purview of Rule 26(b)(3), Greeley Ornamental Concrete Products has not demonstrated either a "substantial need" for the materials or that any "undue hardship" prevents it from obtaining the "substantial equivalent" of those materials. For example, if any notes were taken either by James or Nancy Malkowski during witness depositions, those notes were either of matters heard (and subject to recording) by all persons present or were communications that the Malkowskis intended for their attorneys in confidence. To the extent that the former is true, there was (and still is) no "undue hardship" barring Greeley Ornamental Concrete Products from obtaining any such materials; to the extent that the latter is true, the materials are privileged.

The motion will be denied as it relates to these materials. However, the court will not impose any type of sanction upon Greeley Ornamental Concrete Products.

### 3.

■ As to the third category of documents, Greeley Ornamental Concrete Products seeks drafts of affidavits by Joan Nassauer and Judy Huebner, third-party witnesses not named in the action. (Ms. Huebner and Ms. Nassauer are employees of Growing Sales, a retailer of garden and lawn related products.) Affidavits of Ms. Huebner and Ms. Nassauer were filed by Milwaukee Concrete Studios in support of its motion for a preliminary injunction. Greeley Ornamental Concrete Products now claims that these third-party affiants, when later deposed, were unable to remember the exact content of their statements to Milwaukee Concrete Studios representatives—or the extent their respective affidavits were "edited" by Milwaukee Concrete Studios. Furthermore, Greeley Ornamental Concrete Products asserts that Milwaukee Concrete Studios' ostensible decision to publish those portions of the affiants' statements that were favorable to it constituted a waiver of any privilege relating to the *entirety* of the statements.

Ms. Huebner and Ms. Nassauer are not employees of Milwaukee Concrete Studios. Nevertheless, Milwaukee Concrete Studios asserts that production of the draft affidavits of the two would reveal "attorney thought" as well as "affiant correction." That being so, it asserts that the materials are protected from discovery as attorney work product prepared in anticipation of litigation. However, even to the extent the draft affidavits may be within the purview of Rule 26(b)(3), Federal Rules of Civil Procedure, Milwaukee Concrete Studios' protection is not absolute.

Indeed, the "draft affidavits" would appear to be entirely factual in nature and content. Moreover, the court is satisfied that Greeley Ornamental Concrete Products has demonstrated both a "substantial need of the materials" in the preparation of its case and that it "is unable without undue hardship to obtain the substantial equivalent of the materials by other means" as required under Rule 26(b)(3). The information potentially contained in the *original* statements Ms. Huebner and Ms. Nassauer made to Milwaukee Concrete Studios (that is, the "draft affidavits") is not otherwise available to Greeley Ornamental Concrete Products. In addition, Greeley Ornamental Concrete Products has demonstrated, by identifying illustrative portions of the deposition testimony of the affiants, that the two now experience, at

least to some degree, a failure of memory of what they once told Milwaukee Concrete Studios. To the extent that Ms. Huebner and Ms. Nassauer are unable to recall what statements they may have made to Milwaukee Concrete Studios after the onset of this action, and to the extent that those statements had been recorded in "draft affidavits," Greeley Ornamental Concrete Products attempt at discovery should not be frustrated.

Granted, Milwaukee Concrete Studios secured those statements in anticipation of litigation. However, if it now suggests that it may interpose the work product doctrine because *it* then put words in the mouths of those third-party affiants as part of its litigation strategy, it misperceives the nature of the doctrine. Greeley Ornamental Concrete Products seeks no more than *factual* statements of these non-party witnesses. It should not be frustrated in its ability to test the perception and credibility of these persons. Moreover, Greeley Ornamental Concrete Products has suggested (in a footnote contained in its reply brief) that any attorney notes of Milwaukee Concrete Studios may be redacted from the "draft affidavits" before production.

Accordingly, the court concludes that Milwaukee Concrete Studios has been "outbalanced" by Greeley Ornamental Concrete Products under Rule 26(b)(3); it will be ordered to produce the materials sought by Greeley Ornamental Concrete Products. However, Milwaukee Concrete Studios will be permitted to redact from these materials any items revealing "the mental impressions, conclusions, opinions, or legal theories" of it or its representatives.

### 4.

■ Finally, as to the fourth category of materials, Greeley Ornamental Concrete Products seeks production of an audio tape of a conversation between a third-party witness (Judy Huebner) and an attorney of Milwaukee Concrete Studios. Greeley Ornamental Concrete Products points to Ms. Huebner's testimony at her deposition that "her recollection would be greatly assisted by listening to the audio tape" of her conversation with Milwaukee Concrete Studi-

os' attorney. As with the "draft affidavits" already discussed, it claims that the factual matters sought are not protected "work product" of Milwaukee Concrete Studios and that the *partial* disclosure of Ms. Huebner's statements earlier in the action now requires *complete* disclosure in order to permit cross-examination of Ms. Huebner.

Just as with the "draft affidavits", the court is satisfied that Greeley Ornamental Concrete Products is entitled to discovery of the audio tape, insofar as the production of this item will not, in fact, result in the disclosure of protected items—"the mental impressions, conclusions, opinions, or legal theories" of Milwaukee Concrete Studios or its representatives. To the extent that Milwaukee Concrete Studios entertains a legitimate and good faith belief that the production of the audio tape would unavoidably amount to a disclosure of such protected matters, it may apply for an appropriate protective order, *see* Rule 26(c), Federal Rules of Civil Procedure.

### II.

■ In its motion seeking leave of the court to videotape the remainder of oral depositions in the action, defendant Prange Way asserts "the purpose of limiting controversy and confrontation between counsel for the respective parties and thereby complete pretrial discovery more efficiently and economically." It claims that the depositions conducted to date have been "highly confrontational and detrimental to the efficient completion of pretrial discovery"— "replete with long colloquys by attorneys, continuous interruptions and heated argumentation."

In support of its motion, it has provided excerpts from depositions that reveal perhaps undue acrimony among the attorneys. Implicit in Prange Way's motion is a belief that the attorneys will behave themselves if they are aware that any misbehavior is being recorded on videotape. Greeley Ornamental Concrete Products has filed a memorandum in support of Prange Way's motion.

Milwaukee Concrete Studios and third-party defendant James Malkowski both concede that civility and decorum will contribute to the speedy resolution of the action. Neither genuinely contests Prange Way's assertion that certain depositions conducted to date have been visited with less-than-productive attorney behavior. Nevertheless, they have opposed the motion, contending that the additional *costs* incurred by videotaping depositions are unjustified and that the videotaping would provide no benefit to the parties or to the court. In the event that the motion is granted, they urge that the movants bear the increased costs.

The court's authority to permit depositions to be recorded by videotaping is found in Rule 30(b)(4), Federal Rules of Civil Procedure: "The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means...." Rule 30(b)(4) arose out of concerns for time and cost efficiency in the judicial process, *cf. Commercial Credit Equipment Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir.1990). According to its advisory committee note, the purpose of Rule 30(b)(4) is to facilitate *less* expensive procedures for recording testimony than conventional stenographic means. Nevertheless, courts have not required that the purpose underlying the rule be vindicated in all cases. *See* 4A *Moore's Federal Practice* at 30–120 (2d ed. & 1991 Supp.) ("While Rule 30(b)(4) may have been directed primarily at reducing costs, most of the published decisions on the subject have permitted videotaping in cases in which the party taking the deposition has been willing to absorb the cost.") (collecting cases).

To the extent that the behavior of the attorneys in this case has posed an obstacle to efficient discovery, and the material provided by Prange Way in support of its motion amply suggests that it has, the videotaping of depositions will ostensibly serve the underlying purpose of Rule 30(b)(4). It is probably true that, as Prange Way asserts, the "current confrontational atmosphere" of discovery has itself resulted in increased costs. (Will unproductive confrontation give way to photogenic congeniality when the attorneys know that they are "on camera"?)

While Prange Way originally proposed that the party scheduling the deposition pay the costs associated with the videotaping of deposition testimony, it now asserts in its reply brief that it is *not* asking Milwaukee Concrete Studios or Mr. Malkowski "to incur the expense of all videotaped depositions." Prange Way now states that those parties who do not wish "to schedule and pay for" a videotaped deposition can simply schedule a conventional (stenographic) deposition. It now contemplates that the party seeking to videotape the deposition testimony would pay the additional costs. That being so, the motion will be granted.

Each party will have the option of videotaping oral deposition testimony, at its election. Ordinarily, as the advisory committee note to Rule 30(b)(4) acknowledges, the court would prescribe "whatever additional safeguards" are necessary to assure the accuracy and trustworthiness of the recording. However, in this case, the court will require that all depositions *also* be recorded by conventional stenographic means. The party calling the deposition must pay all costs associated with conventional recording. In the event a party wishes to exercise its option simultaneously to videotape a particular deposition, *that* party must bear the increased costs incurred at the deposition.

Because any such increased costs will not be deemed as "necessary for trial," and because the stated purpose for videotaping is not in complete harmony with Rule 30(b)(4), that party will not be able to recover any such costs should it ultimately prevail in the action, *cf. Stamps*, 920 F.2d at 1368–69. *See also* 28 U.S.C. § 1920(2). In addition, because the court will require simultaneous stenographic recording of all deposition testimony, it will decline to issue any order purporting to govern the videotaping procedure.

Counsel are reminded of the court's power to discipline improper conduct during discovery, *see* Rule 37, Federal Rules of

Civil Procedure (authorizing district court to impose sanctions for failure to comply with discovery rules and orders). *See also Chambers v. Nasco, Inc.,* —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (upholding district court's exercise of its inherent judicial power to sanction improper conduct).

## ORDER

Therefore, IT IS ORDERED that Greeley Ornamental Concrete Product's motion to compel discovery be and hereby is granted in part and denied in part.

IT IS ALSO ORDERED that Milwaukee Concrete Studios and James Malkowski be and hereby are directed to produce for discovery, subject to the conditions specified in this decision, the following documents and materials: (a) any materials relating to a consumer survey conducted on behalf of Milwaukee Concrete Studios; (b) drafts of affidavits of third-party witnesses Joan Nassauer and Judy Huebner; and (c) an audio tape of a conversation between one of the attorneys for Milwaukee Concrete Studios and Judy Huebner.

IT IS FURTHER ORDERED that Prange Way's motion for videotaping of oral depositions be and hereby is granted, subject to the conditions specified in this decision: (a) all depositions shall also be recorded by conventional stenographic means; and (b) the party requesting that a deposition also be videotaped shall pay all additional costs incurred.

IT IS FURTHER ORDERED that each party shall bear its own costs in connection with these motions.