## DILLARD DEPARTMENT STORES, INC., Relator,

v.

## The Honorable Gary SANDERSON, Judge of the District Court, 60th Judicial District, Respondent.

### No. 09–96–148 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 27, 1996.

Decided Aug. 29, 1996.

Rehearing Overruled Sept. 19, 1996.

---

**320**

Donean Surratt, Orgain, Bell & Tucker, Beaumont, for relator.

David P. Wilson, Darren Brown, Provost & Umphrey, Beaumont, for respondent.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Judge.

This is a mandamus action. Relator requests this court to order the trial judge to vacate an order compelling Relator to produce a witness' statement.

Dorothy Dew filed suit against Dillard Department Stores, Inc. for false imprisonment alleged to have occurred on April 10, 1991. The case was first tried in July, 1992. We reversed and remanded in October, 1994. A second trial resulted in a mistrial March 10, 1996.

Thereafter, Dew filed a motion to compel seeking the statement Janice Talbot, an ex-employee of Dillard's, gave Dillard's former counsel shortly after the incident. Dew alleged Talbot did not object to Dillard's providing the statement and that a substantial need existed for the statement because Talbot, less than one week before her deposition, could not remember anything about the incident in question, yet after meeting with defense witnesses and attorneys, she testified to specific details. Therefore, Dew had a substantial need to know what Talbot remembered shortly after the incident.

Dillard's responded the statement was taken after the incident, therefore it fell within the witness statement privilege under TEX.R. CIV. P. 166b(3)(c). Furthermore, Talbot indicated she would not request a copy of the statement, therefore, no waiver of the attorney work product doctrine had occurred. Dillard's offered to tender the statement for an in camera inspection if there was a dispute about whether the statement was taken after suit was filed.

The court conducted a hearing and received as evidence a letter to Dillard's attorney requesting the statement, a transcript of the video deposition of Talbot and a transcript of an oral statement of Kimberly Ann Clark.

The question before this court is whether the court below abused its discretion in ordering Talbot's statement produced. The issue is whether Dew met her burden of showing she had a substantial need of the material and was unable, without undue hardship, to

321

obtain the substantial equivalent of materials by other means. A trial court has broad discretion in making this determination.

Janice Talbot was the Dillard's employee who made the decision to stop and detain Ms. Dew. Her explanation of that decision is relevant to several issues. Her video deposition was taken March 12, 1996. During that deposition Talbot acknowledged she talked with Dew's attorneys briefly at the prior trial on March 10, she told them something different than her deposition testimony and her recorded statement in 1991 would probably give a better recollection of what happened.

TEX.R. CIV. P. 166b (3) states, in pertinent part:

> **Exemptions.** The following matters are protected from disclosure by privilege:
>
> . . .
>
> c. *Witness Statements.* The written statements of potential witnesses and parties, when made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation, or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation. . . .
>
> . . .
>
> e. *Other Privileged Information.* Any matter protected from disclosure by any other privilege.
>
> Upon a showing that the party seeking discovery has substantial need of the materials and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means, a party may obtain discovery of the materials otherwise exempted from discovery by subparagraphs c and d of this paragraph 3.

The substantial need/undue hardship exception to exempt materials was mentioned in *National Tank Co. v. Brotherton,* 851 S.W.2d 193, 203–204 (Tex.1993) although that was not an issue in the case. Justice Doggett noted in a dissent: ". . . the substantial need and undue hardship exception is entirely undeveloped in Texas. . . ." *Id.* at 212. Justice Hecht, in a dissent, also stated:

> [T]here is an exception to the investigation privilege in TEX.R. CIV. P. 166b(3)(c) [sic] that is largely ignored in the wrangling over what constitutes 'in anticipation of litigation'. That exception allows discovery of materials covered by the investigative privilege '[u]pon a showing that the party seeking discovery has substantial need of the materials and that the party is unable to obtain the substantial equivalent or the materials by other means'. This language taken from FED. R. CIV. P. 26(b)(3) has been the subject of considerable attention in the federal courts and in other jurisdictions, but has not been much applied in Texas since our adoption of it in 1988.

*Id.* at 216.

The Supreme Court in *Flores v. Fourth Court of Appeals,* 777 S.W.2d 38, 42 (Tex. 1989) recognized Rule 166b(3)(e) was "often overlooked by those seeking discovery of privileged materials". The court also referenced FED. R. CIV. P. 26(b)(3). *Id.*

In *State v. Lowry,* 802 S.W.2d 669, 673 (Tex.1991), the court relied upon Rule 166b(3)(e) and characterized this as a "good cause" standard comprised of the substantial need prong and the undue hardship prong.

The discretion exercised by a trial court when ruling on an interlocutory matter is ordinarily quite broad. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985). A writ of mandamus is issued only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *State v. Walker,* 679 S.W.2d 484, 485 (Tex. 1984). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it results in- a clear and prejudicial error of law. *Flores,* 777 S.W.2d at 41.

Issues of credibility and failing memory have been held to satisfy the substantial need and undue hardship exception under FED. R. CIV. P. 26(b)(3). *Estevez v. Matos,* 125 F.R.D. 28 (S.D.N.Y.1989); *Phillips v. Dallas Carriers Corp.,* 133 F.R.D. 475 (M.D.N.C.1990); *Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete*

*Products, Inc.,* 140 F.R.D. 373 (E.D.Wis. 1991); *Raso v. CMC Equip. Rental, Inc.,* 154 F.R.D. 126 (E.D.Pa.1994); *Eoppolo v. Nat'l R.R. Passenger Corp.,* 108 F.R.D. 292 (E.D.Pa.1985).

While we find no Texas cases directly on point, in light of our Supreme Court's acknowledgment of FED. R. CIV. P. 26(b)(3) as a source for our rule, the trial court's decision follows the federal rule's interpretation. Consequently, his decision was certainly not so arbitrary and unreasonable it results in a clear and prejudicial error of law. Finding no abuse of discretion, the petition for mandamus is denied.

MANDAMUS DENIED.