George A. RAKUS, Plaintiff,

v.

The ERIE–LACKAWANNA RAILROAD COMPANY and/or Thomas F. Patton and Ralph S. Tyler, Jr., Trustees of the Property of the Erie-Lackawanna Railroad Company, Debtor, and Consolidated Rail Corporation, Defendants.

Civ. No. 75–126.

United States District Court,
W. D. New York.

Aug. 26, 1977.

Edward J. Erpelding, Indianapolis, Ind., David Mark Wexler, Buffalo, N. Y., of counsel, for plaintiff.

Robert B. Conklin, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y., for defendants.

ELFVIN, District Judge.

Plaintiff moves to compel production of accident reports made by defendants' employees, Mr. Hoza (plaintiff's supervisor) and Mr. Letro (the Division Engineer). At oral argument defendants' attorney stated that Mr. Tempera, defendants' former employee and plaintiff's foreman at the time of the accident, may have made an accident report and plaintiff's attorney requested a copy of any such report.

Rule 34 of the Federal Rules of Civil Procedure authorizes parties to serve their opponents with a request to produce documents and does not require, as defendants have argued, that the requesting party demonstrate "good cause". However, materials prepared in anticipation of litigation may not be discovered unless the moving party demonstrates a "substantial need of the materials in the preparation of his case" and shows "that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means". Fed.R.Civ.P. rule 26(b)(3). Defendants have alleged that the requested reports were prepared in anticipation of litigation, but do not offer facts to support their position. They argue that the railroad has a claims department that routinely makes accident reports and that all such reports are considered to be made in anticipation of litigation. If defendants' argument were upheld, all discovery of intercompany reports would be subject to the requirements of rule 26(b)(3) in any case where the company maintained a claims department. This position is untenable.[1]

The reports in question were made in the ordinary course of defendants' business and, therefore, are discoverable. Fed.R.Civ.P. rules 26(a) and 34; *Galambus v. Consolidated Freightways Corporation*, 64 F.R.D. 468, 472 (N.D.Ind.1974); *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367, 371 (N.D.Ill.1972); *Burns v. N. Y. Central R. R. Co.*, 33 F.R.D. 309 (N.D.Ohio 1963). The fact that such reports are required by the Interstate Commerce Commission does not make them immune from discovery. *Goosman v. A. Duie Pyle, Inc.*, 320 F.2d 45, 52 (4th Cir. 1963); *Galambus v. Consolidated Freightways Corporation, supra*, at 472. Nor does it aid defendants' position that these reports might not be admissible into evidence. Fed.R.Civ.P. rule 26(b)(1).

It is therefore hereby

ORDERED that defendant produce the reports of Mr. Hoza, Mr. Letro and Mr. Tempera (if in fact a report was made by him) and allow plaintiff to inspect and copy such reports.

---

1. There is some authority to support the contention that reports made *by* claims agents are trial materials, see Advisory Committee's notes accompanying revision of rule 26 proposed March 30, 1970, 48 F.R.D. 485, 502; *Almaguer v. Chicago, Rock Island & Pacific Railroad Co.*, 55 F.R.D. 147 (D.Neb.1972). The reports in issue here are in the possession of the claims department, but they were not prepared by that department.