**Russell D. STOUT, Plaintiff,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, Defendant.**

**No. C–1–79–537.**

United States District Court, S. D. Ohio, W. D.

April 29, 1981.

Stanley M. Chesley, Cincinnati, Ohio, for plaintiff.

James L. O'Connell, Cincinnati, Ohio, for defendant.

### OPINION

DAVID S. PORTER, Senior District Judge:

In this F.E.L.A. case plaintiff moved before the Magistrate that the defendant railroad be ordered to produce statements of witnesses (doc. 9). There was a motion for oral argument (doc. 10), a memorandum in opposition (doc. 11), and a reply (doc. 13). The Magistrate decided that such information, gathered before attorney involvement in a specific case, is not work product. On the contrary, it is a record made in the usual course of business and discoverable. Consideration was given by the Magistrate to Judge Perlman's ruling in *Whitford v.*

*Chesapeake & Ohio Railway Co.*, Civil Action No. 8157 (S.D.Ohio, April 3, 1973) and this Court's decision in *In re Complaint of Walker Towing Corp.*, Civil Action No. C–1–79–208 (S.D.Ohio). Defendant has moved for review of the decision and order of the Magistrate (doc. 15), and this appears to be unopposed.

Nevertheless the recurring question of discovery of statements (and even railroad accident reports) under Rule 26(b)(3) Fed.R. Civ.P. has been considered anew and thoroughly examined. We find that there are three basic positions that Courts have taken on the question of whether railroad accident reports or reports analogous to them, must be produced under 26(b)(3). Some Courts have taken the view that statements secured by a claimant, claims adjuster, or railroad accident department prepared in the regular course of the employee's duties are not prepared in anticipation of litigation but in the regular course of business and thus are not subject to the requirements of Rule 26(b)(3). *E. g., Thomas Organ Co. v. Jadronska Slobodna Plorida*, 54 F.R.D. 367, 372 (N.D.Ill.1972); *Rakus v. Erie-Lackawanna R.R.*, 76 F.R.D. 145 (N.D. N.Y.1977). Secondly, some Courts have held that although it is reasonable to expect that litigation will ensue, and thus to conclude the reports are "prepared in anticipation of litigation," generally the reports are discoverable because they are both necessary and not reproducible after any lapse of time, e. g., *Teribery v. Norfolk & W. Ry.*, 68 F.R.D. 46, 48 (W.D.Pa.1975). Thirdly, some Courts have concluded that the preparation of such reports is "in anticipation of litigation," and that movants must show both substantial need and undue hardship. *Almaguer v. Chicago, R.I. & Pacific R.R.*, 55 F.R.D. 147 (D.Neb.1972).

The trend seems to favor allowing discovery. While that is so, arguments can and have been made on behalf of the positions requiring compliance with the two conditions of need and hardship.

Previous opinions in this Court have neither precluded nor mandated any of the alternatives. In *In re Walker Towing*

*Corp., supra,* we held that statements taken two weeks after the occurrence of the accident were not discoverable absent the requisite showing of need and hardship, because they were taken and transcribed in anticipation of litigation. This holding is compatible with each of the three general positions.

In *Walker Towing* the statements were requested and prepared for an attorney nearly two weeks after the accident and not at the time of the accident as in this case. Furthermore, the party objecting to production did not operate a claims department. Of course, the railroad does. Furthermore, in most cases the railroads are required by law to prepare accident reports. Altogether the reports can be and we do view them as part of the regular business practice of the railroad and the situation regarding the report is therefore different from what it was in *Walker Towing*. In *Walker Towing* the report was not prepared as part of the regular business practice of the party objecting to production.

We also favor the view that the statements are discoverable because they meet the two step requirement of Rule 26(b)(3). Contemporaneous statements are viewed as unique and unduplicable. *Southern Railway Co. v. Lanham*, 403 F.2d 119, 128 (5th Cir. 1968); *Johnson v. Ford*, 35 F.R.D. 347, 350 (D.Colo.1964). Hence, there is always a showing of undue hardship. Since the statements are essential to developing the fact pattern, we "buy" the argument that in the case of contemporaneous statements of eye witnesses there is a showing of need. *Walker Towing* is not at odds with this view, because the statements at issue there were not made contemporaneously with the accident, but two weeks or more later. Thus in *Walker Towing* a showing of hardship and need were required which we think inappropriate to require for contemporaneous statements.

We have not overlooked that the Court held in *Almaguer v. Chicago, R.I. & Pacific R.R.*, 55 F.R.D. 147 (D.Neb.1972), that a showing of need and hardship must be made even for contemporaneous statements

when taken in anticipation of litigation. Also Magistrate Perlman in *Whitford v. Chesapeake & Ohio Railway Co.*, Civil Action No. 8157 (S.D.Ohio, April 13, 1973) did seem to require a showing of need and hardship in the production of railroad accident reports. However, we agree with Judge Aug that Magistrate Perlman did not decide on whether the records were "prepared in anticipation of litigation" or were business records, because the issue was not before him.

Finally, we note that the request is confined to statements and therefore we are not confronted with a request for claims reports and any disclosure of "mental impressions, conclusions, opinions, legal theories, of an attorney or other representative of a party concerning the litigation." 26(b)(3).

Accordingly, we conclude that the statements taken by the railroad in this case were records made in the ordinary course of business and were not taken in anticipation of litigation. Moreover, even if they were taken in anticipation of litigation, their contemporaneity renders them so unique and unduplicable that need and hardship are clearly established. The Magistrate's decision and order are affirmed.