Joseph C. EOPPOLO

v.

NATIONAL RAILROAD PASSENGER CORPORATION.

No. 85–1753.

United States District Court, E.D. Pennsylvania.

July 16, 1985.

---

## MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, United States Magistrate.

Presently before this Court is plaintiff's motion to compel the defendant to answer plaintiff's Interrogatory No. 2 and plaintiff's Request for Production of Documents No. 1 and No. 4. This action arises as a result of injuries allegedly sustained by plaintiff on or about November 9, 1984, during the scope of his employment with Amtrak. Plaintiff filed the instant suit on March 29, 1985 and thereafter served defendant with interrogatories and request for production of documents. Defendant served plaintiff with its answers, raising objections to Interrogatory No. 2 and Request for Production of Documents No. 1 and No. 4. For the reasons which follow, plaintiff's motion to overrule defendant's objections and to compel answers will be granted in part and denied in part.

### INTERROGATORY NO. 2

Interrogatory No. 2 essentially asks for all information that defendant has obtained relating to plaintiff's accident. The interrogatory is as follows:

2. State in detail the information your or any of your representatives have or are aware of relating to the accident, as to how the accident occurred, and the

facts leading up to the accident, and set forth all such information whether or not it is conflicting.

Defendant objected to the interrogatory insofar as it requests information obtained in anticipation of litigation or in preparation of trial which is precluded from discovery pursuant to the provisions of Rule 26(b)(3) of the Federal Rules of Civil Procedure. Plaintiff contends that defendant's objection is not well taken since Rule 26(b)(3), speaks only to the production of documents and that defendant cannot hide behind its protection when requested to answer interrogatories.

■■■ Rule 26(b)(3) applies only to the production of documents and tangible things, the Rule does not directly govern the situation presented in this case. *Baise v. Alewel's* 99 F.R.D. 95, 96 (W.D.Mo.1983). Generally, one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable. See Notes of Advisory Committee on Rules to 1970 Amendment, 48 F.R.D. 487, 499–503. As pointed out by the court in *Ford v. Philips Electronic Instruments Co.*, 82 F.R.D. 359, 360 (E.D.Pa.1979), the rule does not imply that mental impressions which are not embodied in documents are discoverable. The work product doctrine furnishes no shield against discovery by interrogatories or by depositions of the facts that the adverse party has learned or the persons from whom such facts were learned. *Phoenix Nat. Corp. v. Bowater United King. Paper*, 98 F.R.D. 669, 671 (N.D.Ga.1983).

■■■ Defendant shall be required to answer the interrogatory as it does not, on its face, elicit information which goes beyond the underlying facts of the accident. Defendant is not required to supply counsel's view of the case, identify the facts which counsel considers significant, or the specific questions asked by the agents of the defendant during the investigation of the accident as this type of information would fall under the category of mental impressions which are protected under Rule 26(b)(3). *See Ford v. Phillips Electronics, supra* at 361.

Defendant also objected to plaintiff's request for production of documents Nos. 1 and 4. Request No. 1 asks for the production of written statements, including accident reports, relating to the incident in question. Request No. 4 seeks the notes or minutes of any hearings or meetings or memoranda of them concerning the accident. Defendant objected to the two requests asserting that their production was precluded under the work product provision of Fed.R.Civ.P. 26(b)(3).

■■■ Defendant's objections to request No. 1 is well taken. Rule 26(b)(3) protects from discovery documents and tangible things otherwise discoverable which are prepared in anticipation of litigation or for trial by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) except upon a showing that the party seeking the discovery has substantial need of the materials in the preparation of his case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. It is clear from the Advisory Committee's Notes as well as existing case law that the statements taken by a claims agent immediately after an accident in anticipation of litigation are protected by Rule 26(b)(3). *Almaguer v. Chicago, Rock Island and Pacific Railroad Co.*, 55 F.R.D. 147, 149 (D.Neb.1972). The court in *Almaguer* held that the "anticipation of the filing of a claim against a railroad, when a railroad employee has been injured or claims to have been injured on the job, is undeniable, and the expectation of litigation in such circumstances is a reasonable assumption." 55 F.R.D. at 149. The court concluded that the statement of the witness was therefore protected and that the burden was on the plaintiff who requested the statement to show a substantial need and an inability to obtain the equivalent by other means. *See also, Hauger v. Chica-*

*go, Rock Island & Pacific Railroad, Co.,* 216 F.2d 501 (7th Cir.1954).[1]

■ Plaintiff contends that the requested documents are necessary because the accident occurred "sometime ago" and that the witnesses are defendant's employees who were thereafter promptly interviewed by the defendant. Their statements and any reports made by the defendant at the time are contended to be more accurate and truthful than information sought from the defendants and its employees now that litigation is underway. Although this may be true in a large number of cases, plaintiff has failed to show that this is so in this particular instance. Plaintiff has offered no more than mere surmise and conjecture. Plaintiff should first obtain a list of witnesses of the accident from the defendant and then depose them. Should they be unable to recollect the events of the accident, then plaintiff would have satisfied the requirements of Rule 26(b)(3) of substantial need and inability to obtain the information without undue hardship. *See, Howard v. Seaboard Coastline Railroad Company,* 60 F.R.D. 638 (N.D.Ga.1973).

■ In Request No. 4 for production of documents, plaintiff seeks "all writings, memoranda, data and reports concerning any hearings or meetings held or action taken concerning the occurrence alleged in plaintiff's Complaint." Defendant objected to the request insofar as it requests information obtained in anticipation of litigation or in preparation for trial and is protected under Fed.R.Civ.P. 26(b)(3).

Plaintiff contends that any meetings or hearings held by the defendant relating to the accident are not legal proceedings in which attorneys would mix and are therefore not protected by Rule 26(b)(3). Additionally, plaintiff contends that they have shown the need for such information due to the natural reluctance of defendant's employees to speak against their employer now that litigation is underway.

Plaintiff's argument that, since an attorney would not be a participant at any meeting or hearing, Rule 26(b)(3) does not apply is in error. As the Notes of the Advisory Committee on Rules to the 1970 Amendment to Rule 26(b)(3) indicated:

> "Subdivision (b)(3) reflects the trend of the cases by requiring a special showing, not merely as to materials prepared by an attorney, but also as to materials prepared in anticipation of litigation or preparation of trial by or for a party or any representative acting on his behalf."

48 F.R.D. 487, 502.

It is not necessary for an attorney to be involved in the proceeding to bar discovery. Plaintiff has failed to show the required need for the information and undue hardship to obtain the information by other means.

Accordingly, plaintiff's motion to compel discovery as to plaintiff's Interrogatory No. 2 will be granted. Plaintiff's motion to compel production of documents pursuant to request Nos. 1 and 4 will be denied.

---

**1.** This Court has not overlooked the position taken by some courts that statements secured by a claimant, claims adjuster, or railroad accident department prepared in the regular course of the employee's duties are not prepared in anticipation of litigation but in the regular course of business and are not subject to the requirements of Rule 26(b)(3). *E.g., Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367, 372 (N.D.Ill.1972); *Rakus v. Erie-Lackawanna R.R.,* 76 F.R.D. 145 (N.D.N.Y.1977). *See, Stout v. Norfolk & Western Railway Company,* 90 F.R.D.

160 (S.D.Ohio 1981). At this early stage of the litigation, however, where plaintiff makes a broad and all incompassing request for all statements and reports, and has just begun to conduct discovery, the better position is to require a showing of hardship and need. This is especially so in this case since it is not known whether any of the statements or reports were prepared contemporaneously with the accident or as part of the regular business practice of the railroad.