James RASO and Linda Raso,

v.

CMC EQUIPMENT RENTAL, INC.
a/k/a CMC Crane Rentals and
Ralph Gutierrez.

No. 93–CV–5282.

United States District Court,
E.D. Pennsylvania.

March 16, 1994.

Robert J. Mongeluzzi, Daniels, Saltz, Mongeluzzi & Barrett, Ltd., Philadelphia, PA, for plaintiffs.

Jonathan S. Ziss, Silverman Coopersmith & Frimmer, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before this Court is a motion for protective order regarding the deposition of Michael A. Goldstein and/or motion to quash a subpoena duces tecum by Defendants CMC Equipment Rental and Ralph Gutierrez pursuant to Federal Rules of Civil Procedure 26(c) and 45(c)(3)(A)(iii). For the foregoing reasons, Defendants' motion for protective order is denied and Defendants' motion to quash is granted in part and denied in part.

## BACKGROUND

The relevant facts which give rise to the present motions are as follows. On August 11, 1992, Plaintiff James Raso, allegedly working within the scope of his employment with Ross Steel Erectors, was near an American Hoist & Derrick 80 ton lattice boom crane which was being operated by Defendant Gutierrez. Defendant Gutierrez is alleged to have been operating the boom crane within the scope of his employment with Defendant CMC Equipment Rental, Inc. a/k/a CMC Crane Rentals ("CMC"). On the aforesaid date, Plaintiff is alleged to have sustained catastrophic and permanently disabling personal injuries when the load on the boom crane fell on Plaintiff James Raso. Plaintiffs, James Raso and Linda Raso filed a complaint on October 4, 1993 against Defendants for personal injuries sustained to James Raso and for loss of consortium to his wife, Linda Raso.

After the accident, CMC's insurer proceeded to retain Richard J. O'Brien Adjustment Company ("O'Brien") for the purpose of conducting an investigation regarding the accident. Subsequently, Michael A. Goldstein ("Goldstein"), an investigator for O'Brien, began an investigation of the accident, which included interviews with several witnesses, the taking of photographs and the preparation of investigative reports. Goldstein was served with a notice of deposition and a copy of a subpoena duces tecum by Plaintiffs. As a result, Defendants filed a motion for a protective order regarding the deposition of Goldstein and/or a motion to quash the subpoena duces tecum, which are presently before this Court.

## DISCUSSION

I. *Standards Governing a Motion for Protective Order*

■ A court, upon a showing of good cause, can grant a motion for a protective order to protect parties and witnesses during the discovery process. Fed.R.Civ.P. 26(c). However, the burden rests with the moving party to show that there is good cause for the protective order by showing a "particular need for protection." *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986); *Davis v. Romney,* 55 F.R.D. 337, 340 (E.D.Pa.1972). Good cause must be shown through particular and specific facts, not from "stereotyped and conclusory statements." *Davis,* 55 F.R.D. at 340. A court may grant an order that the discovery in question not be had or may otherwise use its discretion to decide what particular restrictions may be necessary. Fed.R.Civ.P. 26(c).

II. *The Work Product Privilege*

■ The work product privilege is another tool a party can utilize in order to protect certain materials from discovery. The work product privilege, which derives from Federal Rule of Civil Procedure 26(b)(3), states that "documents and tangible things otherwise discoverable," but which were "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" are not discoverable. In order for the privilege to apply, the party opposing discovery must show that the work product was obtained "in anticipation of litigation." Rule 26(b)(3) does not require that a suit be formally filed, in fact, "prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced." 8 Charles A. Wright & Arthur Miller, Federal Practice and Procedure, § 2024 at 198 (1970). The opposing party must show that the document was prepared or obtained because of the prospect of litiga-

tion, not in the regular course of business, and the party can rely on the nature of the document and the facts of the case in order to meet its burden. 8 Wright & Miller, § 2024 at 198–198; *Delco Wire & Cable, Inc. v. Weinberger,* 109 F.R.D. 680, 689 (E.D.Pa. 1986).

■ If the party claiming work product privilege prevails in showing that the material sought to be discovered falls within the privilege, then the party seeking discovery can overcome the work product privilege if there is a showing of "substantial need of the materials ... and [the party] is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). *See Delco Wire & Cable,* 109 F.R.D. at 689 (citing *Hickman v. Taylor,* 329 U.S. 495, 512, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947)). However, even upon such a showing, Rule 26(b)(3) continues to protect against "disclosure of mental impressions, conclusions, opinion or legal theories of an attorney or other representative of a party concerning litigation." Fed.R.Civ.P. 26(b)(3). Notwithstanding, given that the work product privilege is limited to documents and tangible things, a party may discover "relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable." *Eoppolo v. National Railroad Passenger Corp.,* 108 F.R.D. 292, 294 (E.D.Pa.1985). In *Eoppolo,* the court held that the defendants could not use the work product privilege as a "shield against discovery by interrogatories or by depositions" of information they had gathered in anticipation of litigation. *Id.* The court further emphasized that Rule 26(b)(3) pertains to the production of documents and tangible things and not to the knowledge of the other party. *Id.*

■ In the instant case, Defendants' motion for protective order regarding the deposition of Michael A. Goldstein requests that the deposition be limited to subjects not covered by the work product doctrine. As before mentioned, the work product doctrine does not apply to facts within the knowledge of the person who is to be deposed, albeit such facts were obtained from non-discoverable materials. *Eoppolo,* 108 F.R.D. at 294.

Rule 26(b)(3) pertains to documents and tangible things, therefore, the work product doctrine cannot be applied to restrict the deposition of Goldstein to subjects outside his work product. Plaintiffs are entitled to depose Goldstein regarding his investigation into the accident, including his observations made at the accident location, individuals he spoke with while conducting his investigation and the facts he learned during the investigation and from whom such facts were discovered. Accordingly, this Court will deny Defendants' motion for protective order regarding the deposition of Goldstein.

### III. *Motion to Quash*

Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure authorizes a court to quash or modify a subpoena if such subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(A)(iii). A subpoena duces tecum, which compels the production of documents or things, is subject to Rule 45(c)(3)(A)(iii) if it requires the disclosure of documents which are privileged under the work product doctrine. The question remains whether the documents requested in the subpoena duces tecum qualify under a protected privilege.

■ Plaintiffs in this case have served Goldstein with a subpoena duces tecum requiring him to bring to the scheduled deposition all memos, notes, reports or any other materials which concern his investigation of the accident involving Plaintiff Raso on August 11, 1992. Defendants' motion to quash is based on their contention that the materials sought by Plaintiffs are protected by the work product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure. As stated before, the work product privilege protects from discovery documents and tangible things which were prepared *in anticipation of litigation* by an attorney or representative of the other party and mental impressions, conclusions, opinions or legal theories of an attorney or representative of the other party. Therefore, if the documents were prepared in anticipation of litigation, then the work product privilege applies.

The documents requested from Goldstein involve the investigation of the accident which was conducted at the request of Defendant CMC. Although Plaintiffs had not filed a claim against Defendants when Goldstein conducted his investigation, Defendants contend that there was enough reason for them to foresee litigation in the future. We agree. Defendants were in control and operating the boom crane at the time of the accident which caused Plaintiff's alleged catastrophic and permanent injuries. In addition, there were other investigations allegedly conducted after the accident, those by the police and by other interested parties. Further, Goldstein's investigation has not been alleged to have been conducted in the regular course of CMC's business. Thus, we find that Defendants have alleged facts sufficient to support the conclusion that Goldstein's investigative reports and other materials were indeed prepared in anticipation of litigation and are, therefore, protected by the work product privilege.

■ Plaintiffs argue, however, that they are able to overcome the protection provided by the work product privilege in that they have a substantial need for the materials in order to prepare their case and are unable without undue hardship to obtain the substantial equivalent of the materials by other means. In attempting to show substantial need and undue hardship, Plaintiffs refer specifically to the statements taken by Goldstein of two witnesses, namely, Defendant Ralph Gutierrez and Plaintiff James Raso. In *Eoppolo,* denying the plaintiff's motion to compel production of prior statements made by defendant's witnesses on grounds that such statements were protected by the work product privilege, the court stated that the plaintiff could satisfy the substantial need and undue hardship requirements of Rule 26(b)(3) if the witnesses were first deposed and were found to be "unable to recollect the events of the accident." *Eoppolo,* 108 F.R.D. at 295. In this case, Plaintiffs have alleged that both Plaintiff Raso and Defendant Gutierrez have been deposed and that both have demonstrated their inability to recall the events surrounding the accident.

Specifically, Plaintiffs contend that Defendant Gutierrez was unable to recollect the events surrounding the August 11, 1992 accident when he was recently deposed. The disclosure of Gutierrez's statement, which was given nine days after the accident, Plaintiffs' argue, is the only way the Plaintiffs can find out the information known by Gutierrez at that time. Although Defendants argue that Gutierrez was deposed for over five hours and was able to provide substantial information, this Court finds that Gutierrez was unable to answer questions during his deposition because of his inability to recall. Therefore, under *Eoppolo,* Plaintiffs have established the requisite showing of substantial need and undue hardship with regards to the statement made by Gutierrez to Goldstein. As for the statement made by James Raso to Goldstein, Plaintiffs contend that, due to Raso's alleged brain injury which has impaired his memory, Raso is unable to recall significant facts regarding the accident. We find that Plaintiffs have demonstrated that they have a substantial need for the statements made by Raso at a time when the accident was still within his recollection and there is undue hardship because of Raso's memory loss.

Plaintiffs, however, have not alleged that the other witnesses questioned by Goldstein have been deposed nor that they are at present unable to recollect the events of the accident. Also, Plaintiffs have not provided any other grounds for overcoming the work product privilege to expose the rest of Goldstein's work product to discovery. Accordingly, this Court will deny Defendants' motion to quash the subpoena duces tecum as it relates to the discovery of the statements made to Goldstein by James Raso and Ralph Gutierrez, but will grant Defendants' motion to quash the discovery of the remainder of Goldstein's work product.

*CONCLUSION*

For the foregoing reasons, Defendants' motion for protective order of the deposition of Michael A. Goldstein is denied. Defendants' motion to quash the subpoena duces tecum is denied with regard to the documents containing the statements made to

**130**

Goldstein by James Raso and Ralph Gutierrez, and is granted with respect to the rest of Goldstein's work product.

An appropriate order follows.

### ORDER

AND NOW, this 16th day of March, 1994, upon consideration of Defendants' Motion for Protective Order regarding the Deposition of Michael A. Goldstein and/or Motion to Quash a Subpoena Duces Tecum served on Michael A. Goldstein, it is hereby ORDERED that the Motion for Protective Order is DENIED and the Motion to Quash is GRANTED IN PART and DENIED IN PART and Defendants are DIRECTED to provide the documents regarding the statements made by James Raso and Ralph Gutierrez to Michael A. Goldstein at the scheduled deposition of Michael A. Goldstein.