**Elizabeth A. LEACH, et al.**

v.

**QUALITY HEALTH SERVICES, et al.**

**No. 94–CV–4346.**

United States District Court,
E.D. Pennsylvania.

Aug. 18, 1995.

---

**500**

Reginald A. Krasney, Wayne, PA, for plaintiffs Leach, et al.

Morton F. Daller and Tracy Canuso Nugent, Daller Greenberg & Dietrich, Fort Washington, PA, for defendants/third-party plaintiffs Quality Health Services, LifeQuest, Inc. and Occumed Resources.

Albert A. Ciardi, III and D. Ethan Jeffery, Ciardi, Maschmeyer & Karalis, P.C., Philadelphia, PA, for defendants Hiser and American Health Resource Systems, Inc.

Sarah Solmssen, Malvern, PA, for third-party defendant Scherzer.

### MEMORANDUM

JOYNER, District Judge.

Today we resolve Plaintiffs' motion to compel compliance with a subpoena directed to the law firm of Ciardi, Maschmeyer & Karalis, P.C. ("Law Firm"). The Law Firm represents several of the Defendants in this action. One of the issues Plaintiffs raise in this action is the ownership and control of the various Defendants. Plaintiffs allege that one Defendant, Roger Hiser, controls several corporations that are also Defendants in this action. Plaintiffs further allege that those corporate Defendants' funds have been used to pay Mr. Hiser's and/or each other's legal expenses.

To gain support for this theory, Plaintiffs have subpoenaed the Law Firm for several categories of documents in its possession ("billing records") relating to all the Defendants. The subpoena calls for all bills or statements for legal services, documents relating to payment for legal services, engagement or fee letters, time records and correspondence or other written communications relating to billing or payment or forbearance from billing or payment for legal services.

Upon receipt of the subpoena, the Law Firm sent a letter to Plaintiff indicating that it would not comply with the subpoena absent a court order. This opposition was based on the ground that the subpoena seeks documents protected by the attorney-client privilege and the attorney work product doctrine. In response to this motion, the Law Firm raises the additional objections that this motion comes too late, being filed some

three months after Defendant indicated it would not comply, and that the motion and the subpoena do not seek relevant information, but are intended solely to harass the Law Firm. At no time has the Law Firm produced any documents responsive to the subpoena, nor a privilege log described in Fed.R.Civ.P. 26(b)(5).

■ The attorney-client privilege protects "confidential communications made to [a lawyer] by [a] client." 42 Pa.Cons.Stat.Ann. § 5928 (1982). The attorney work product doctrine protects documents and tangible things prepared in anticipation of litigation or for trial. It absolutely protects "the mental impressions, conclusions, opinions, or legal theories of an attorney" concerning the litigation. Fed.R.Civ.P. 26(b)(3). If a party withholds information on the ground that it is protected or privileged, the party must "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5).

Plaintiffs assert that the Law Firm's billing records are relevant to prove control of the corporate defendants. The Law Firm does not address this particular argument, but simply asserts in return that the records are not relevant. Relevance is broadly defined in federal court, and includes any information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. 26(b)(1). We find that the information in the billing records are relevant to this action for the purpose of determining control of the corporate Defendants. Accordingly, we look to see whether this relevant information is nonetheless protected or privileged.

Neither party has cited case-law that is directly on point. Plaintiffs' cases simply define the legal standards to be applied to subpoenas and to assertions of privilege, but do not involve billing records at all. *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir.), *cert. denied*, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965); *Raso v. CMC Equip. Rental*, 154 F.R.D. 126 (E.D.Pa.

1994); *Cedrone v. Unity Savs. Ass'n*, 103 F.R.D. 423 (E.D.Pa.1984). The Law Firm's cases address requests for billing records, but are from different Circuits, and involve different factual scenarios. *In re Horn*, 976 F.2d 1314 (9th Cir.1992) (Grand Jury subpoena); *Nadler v. United States*, 955 F.2d 1479 (11th Cir.1992) (Freedom of Information Act request).

■ It is generally accepted, however, that "attorney billing statements and time records are protected by the attorney-client privilege *only* to the extent that they reveal litigation strategy and/or the nature of services performed." *United States v. Keystone Sanitation Co.*, 885 F.Supp. 672, 675 (M.D.Pa.1994) (citing cases) (emphasis in original). Our Court has previously addressed the instant issue in a very similar factual setting. In *Kravco Co. v. Valley Forge Center Assoc.*, No. 91–4932, 1991 WL 274816, 1991 U.S.Dist. Lexis 18752 (Dec. 17, 1991) (McGlynn, J.) plaintiffs subpoenaed billing records from defendants' attorneys in order to establish one defendant's control or influence over another defendant. *Id.*, at *4, 1991 U.S.Dist. LEXIS 18752 at *2. Based on the general understanding that identity of clients and fee arrangements are not privileged, our Court ruled that plaintiff could "subpoena any and all documentation that reflects, relates or refers to the fee arrangement between [the defendants] in regard to [the law firm's] services. . . . includ[ing] any and all documentation regarding who controlled the litigation." *Id.*, at *4, 1991 U.S.Dist. LEXIS 18752 at *9. The Court required the defendants to make any privilege objections "document by document, rather than as a single, blanket assertion." *Id.* (citing cases).

■ It appears that both privileged and non-privileged material may exist side-by-side in many of the documents at issue here. For example, a typical time sheet may contain several different pieces of information, such as the attorney's name, the client's name, the general matter being worked on if the attorney has represented the client on more than one matter, the date and time the services were provided, as well as a descrip-

tion of the actual legal services performed. In this example, only the last item of information would generally be protected under the attorney-client privilege and should be redacted before production. Similarly, in an accounts ledger, one entry may indicate an invoice number and its corresponding remittance check number. In this example, generally no information would be privileged. However, the actual invoice may contain privileged information in the "for X services rendered" column, for example. Likewise, the check may have privileged information on the Memo line, *i.e.*, "payment for X legal services," if X is sufficiently detailed. In that case, the privileged information should be redacted. We find it unlikely that the billing records would be protected by the attorney work product doctrine. This is because that doctrine only protects documents prepared in anticipation of litigation, not in the regular course of business. *Raso*, 154 F.R.D. at 128. Billing records are commonly created in the regular course of business, which removes them from this doctrine's coverage.

Based on this understanding of the documents at issue, we rule that the Law Firm should produce its actual billing records, but should redact any privileged information appearing therein. In the event that some documents are completely privileged or protected, the Law Firm may retain those documents, but must produce a privilege log in accordance with Rule 26(b)(5). In the event that disagreements continue on this matter, this Court will be willing to examine the records *in camera.*

An appropriate Order follows.

### ORDER

AND NOW, this 18th day of August, 1995, upon consideration of Plaintiffs' Motion to Compel Compliance with Subpoena Pursuant to Federal Rule of Civil Procedure 45, and response thereto, the Motion is hereby GRANTED in PART and DENIED in PART. The Motion is hereby GRANTED, as explained in the attached Memorandum, in that the Law Firm of Ciardi, Maschmeyer & Karalis, P.C. is hereby ORDERED to comply with the April 24, 1995 subpoena served

on it by Plaintiff within twenty days of the date of this Order's entry. The Motion's request for sanctions is hereby DENIED.