**HUMBERTO COLON, Plaintiff**

**v.**

**SARAH ISHERWOOD and JAMES ISHERWOOD, Defendants**

Civ. No. 130/1995

Territorial Court of the Virgin Islands

Div. of St. Croix

March 14, 1996

LEE J. ROHN, ESQ., (OFFICES OF ROHN AND CUSICK), Christiansted, St. Croix, U.S.V.I., *for Plaintiff*

RICHARD H. HUNTER, ESQ., (HUNTER, COLIANNI, COLE, & TURNER), Christiansted, St. Croix, U.S.V.I., *for Defendant*

ROSS, *Judge*

### MEMORANDUM OPINION and ORDER

THIS MATTER is before the court on a motion of defendants for reconsideration and for an order vacating a portion of this court's February 21, 1996 order, which compelled defendants to produce a copy of statements given to their insurance carrier. For the reasons hereinafter stated, defendants' motion for reconsideration will be granted and defendants' motion to vacate will be denied.

Plaintiff sued defendants for personal injuries resulting from an automobile accident. Plaintiff pursued discovery and requested that defendants produce any and all statements made by them in relation to the accident referred to in plaintiff's complaint. Defendants responded with an objection which asserted a work-product privilege. Thereupon, plaintiff moved to compel the production of the statements. Defendants objected and stated that "statements that an insurance adjuster takes from an insured regarding an auto

accident are prepared in anticipation of litigation." This court granted plaintiff's motion to compel production of the statements. Defendants filed this motion for reconsideration and for vacation of that portion of this court's order which compelled the production of statements which defendants gave to their insurance adjuster.

The discovery provisions of the rules of civil procedure were designed to afford parties the right to obtain information pertinent to a pending controversy. To effectuate that purpose, they are to be liberally construed. *U.S. v. McWhirter*, 376 F.2d 102, C.A. 5th, 1967. The work product privilege is a tool a party can utilize in order to protect certain materials from discovery. *Raso v. CMC Equipment Rental, Inc.*, 154 F.R.D. 126 (E.D.Pa. 1994). As stated in Federal Rule of Civil Procedure 26(b)(3), the work product privilege prohibits the discovery of "documents and tangible things otherwise discoverable," but which were "prepared in anticipation of litigation or for trial by or for another party or for that other party's representative. . ." F.R.Civ.P.26(b)(3). But, "even after litigation is justifiably anticipated, *routine or ordinary investigations or reports are not work product and may be obtained as normal discovery." Harper v. Auto-Owners Ins. Co.* D.C. Ind. 1991, 138 F.R.D. 655, 661. (*Emphasis supplied*)

Whether post-incident investigation reports fall within the protection of Rule 26(b)(3) as work product, and therefore discoverable upon a showing of substantial need, is determined by considering whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. *Ravineau v. Hess Oil Virgin Islands Corp.*, Civil No. 77-20 (D.C.V.I. Div. Of St.X., February 18, 1978). In order for the privilege to apply, the party opposing discovery *must show* that the work product was obtained in anticipation of litigation. *Id.*

A party asserting work product protection bears the burden of proving entitlement to it. That party may not rely on conclusory allegations or bald statements in briefs, and may not expect the court to decipher the purpose behind preparation of a document solely from an in camera review. In fact, specific demonstration of facts supporting the requested protection must be presented. *Suggs v. Whitaker*, 152 F.R.D. 501 (M.D.N.C. 1993).

48

In *Suggs*, plaintiffs filed a motion to compel defendants to produce recorded statements taken by the insurance investigator shortly after an automobile accident. The court opined that work product protection should be narrowly construed consistent with its purpose since it may hinder investigation into true facts, work product cannot be created from activities done for non-litigation purposes during the ordinary course of business, and that defendants failed to show that the recorded statements were prepared in anticipation of litigation. The court in *Suggs* therefore ordered defendants to forthwith produce statements made to an insurer after the accident for review and inspection. *Suggs* at 509.

Defendants in this case state that "statements that an insurance adjuster takes from an insured regarding an auto accident are prepared in anticipation of litigation" and should be deemed work-product and therefore privileged. This blanket assertion of a privilege is not sufficient to aid the court in determining whether the privilege should apply. In fact, the court finds that the statements were obtained in the ordinary course of business and for non-litigation purposes.

For the foregoing reasons, this court deems the compelled statements prepared in the ordinary course of business and therefore outside the protection of the work-product privilege. Defendants will be required to provide plaintiff with the statements given to their insurance carrier insofar as it pertains to this case.

## ORDER

For the reasons set forth in the Memorandum Opinion of even date, it is hereby

ORDERED that defendants' motion for reconsideration dated February 28, 1996 is GRANTED;

ORDERED that defendants' motion to vacate a portion of this court's February 21, 1996 order which compelled production of statements made to its insurance carrier is DENIED; and it is further

ORDERED that defendants shall produce the compelled documents on or before March 22, 1996.

Dated: March 14, 1996